132 So.2d 3 (1961)
James Russell ROBINSON et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 40039.
Supreme Court of Florida.
July 14, 1961.
Rehearing Denied July 18, 1961.
*4 Tobias Simon, Miami, and Alfred I. Hopkins, Miami Beach, for petitioners.
Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., Miami, for respondent.
THORNAL, Justice.
By petition for certiorari we are requested to review a decision of a circuit court which sat as an appellate court to review an appeal from a conviction of a misdemeanor in a criminal court of record.
The problem which challenges our attention involves a number of jurisdictional complications which must be resolved.
Robinson and others were found guilty of a misdemeanor in the Criminal Court of Record of Dade County. Each moved for a directed verdict without specifying the grounds thereof. The motion was denied and the petitioners were placed on probation under Chapter 948, Florida Statutes, F.S.A.
In denying the motion for a directed verdict at the conclusion of the evidence, the trial judge stated:
"The Court has studied this particular law, the Florida Statute known as 509.141, and I find nothing in this law that has anything to do with color. I cannot find anywhere that it is discriminatory. It appears to the Court that this law is as applicable in Liberty City or Bunche Park restaurants as it is in Miami Shores.
"The legislature of the State has seen fit to pass this law which has left to the discretion of hotels, motels, apartments and restaurant operators whether or not a person is detrimental to their business and whether or not they want to serve him irrespective of his color. They may refuse to serve or entertain such persons and be within the laws."
They thereupon appealed to the Circuit Court of Dade County seeking review of the misdemeanor conviction. Article V, Section 6, Florida Constitution, F.S.A. The record reveals that the petitioners were charged and found guilty of a violation of Section 509.141(3), Florida Statutes, F.S.A., which makes it a misdemeanor to refuse to leave a restaurant after being requested so to do. By their appeal to the Circuit Court they contended that the application of the statute approved by the trial court amounted to State action violative of Federal rights to due process and equal protection of the law. Our examination of the record does not reflect that these contentions were raised in the trial court. The matter was considered by the *5 circuit judge acting in his appellate capacity. He entered a judgment stating that he was "of the opinion that Section 509.141 of the Florida Statutes is a valid exercise of the sovereignty of the State of Florida and that its application to the appellants in this case does not deprive them of any of their rights under the Constitutions of the United States or of the State of Florida." The circuit judge thereupon affirmed the judgment of the trial court.
By petition for a writ of certiorari filed in the District Court of Appeal, Third District, Robinson et al. sought review of the appellate decision of the circuit judge. The respondent, State of Florida, filed a motion to dismiss the petition in the District Court of Appeal. That court treated the motion to dismiss as a motion to transfer the cause to the Supreme Court, and thereupon entered an order transferring the cause to this Court. All of the papers in the cause have been lodged here. We are now confronted by another motion of respondent, State of Florida, requesting us to dismiss the petition for certiorari. The matter has come on for hearing upon this motion which ordinarily would be disposed of without opinion. The complexities of the jurisdictional problems presented, however, appear to justify our discussion thereof for the future guidance of the Bar and other courts.
If a judgment or decree of a trial court passes directly upon the validity of a statute or construes a controlling provision of the State or Federal Constitutions review by appeal should be sought directly in this Court. Article V, Section 4, Florida Constitution; State v. Bruno, Fla., 104 So.2d 588, Fla., 107 So.2d 9; Boyd v. County of Dade, Fla., 123 So.2d 323. The sum of these prior decisions simply is that when a trial court, by its final judgment or decree, passes directly on the validity of a statute or construes a controlling provision of the Constitution, then in the interest of a prompt and final disposition of these important questions, the appeal comes directly to this Court without the necessity of any intermediary consideration by any other appellate court. This is so even in the case of a misdemeanor conviction which otherwise would be considered by circuit courts. Article V, Section 6, Florida Constitution; State v. Bruno, supra.
In view of these considerations, a circuit court as an appellate court reviewing a judgment of a criminal court of record, is without jurisdiction to consider an appeal which passes directly on the validity of a statute or construes a controlling provision of the Constitution. This is so because appellate jurisdiction to dispose of such problems is expressly vested in the Supreme Court.
By the same token this Court no longer has extensive power to issue so-called "common law writs of certiorari" to review judgments of lower courts. This power is now vested in District Courts of Appeal and Circuit Courts, by Article V, Sections 5 and 6, Florida Constitution. In situations in which review of a judgment or decree of a lower court is not otherwise provided for, the District Courts of Appeal are endowed with powers of review limited to a determination of whether the judgment constitutes a deviation from the essential requirements of the law. In a general way, this is the type of so-called common-law certiorari power exercised by this Court prior to the effective date of amended Article V, on July 1, 1957.
We do not here intend to convey any impression that the Constitution endows the courts of appeal with the power of passing upon the correctness of judgments or decrees which determine the validity of a statute or construe a controlling provision of the State or Federal Constitutions. Our holding simply is that a judgment of a circuit court properly sitting in the exercise of its appellate jurisdiction is subject to review by petition for certiorari, not here, but in the appropriate District Court of Appeal.
*6 Reverting now to the matter before us, it is clear that if the trial judge passed upon the validity of the statute the initial appeal should have been brought directly to this Court instead of to the circuit court. The record from which we have quoted above indicates that the trial judge did consider and passed upon the validity of Section 509.141(3), Florida Statutes. The Circuit Court of Dade County had no jurisdiction to review this judgment. Consequently, the order of the circuit court, passing on the subject statute, was without force and effect.
In the instant situation, as pointed out above, we are not authorized to review directly the decisions of a circuit court sitting as an appellate court. As an incident to the disposition of the matter, however, we have pointed out the constitutional impediments similarly applicable to the appellate jurisdiction of circuit courts in reviewing judgments of other trial courts which pass upon the validity of statutes. Under our constitutional system a district court of appeal is the only court which is authorized to issue a so-called common-law writ of certiorari in this instance. In so doing, that court may then properly consider the proposition that the circuit court, in the exercise of its appellate jurisdiction, in the instant case exceeded its constitutional power and, therefore, deviated from the essential requirements of the law. Any judgment rendered by the court of appeal may then be tendered to us for review under those provisions of Article V, Section 4, Florida Constitution, which authorizes us to review decisions of courts of appeal.
Following the pattern established by the district court of appeal respondent's motion to dismiss the petition is treated as a motion to transfer. All papers are hereby re-transferred to the District Court of Appeal, Third District and shall be forwarded to that court immediately upon the expiration of five days of the date of this order for further consideration and ultimate disposition in accord with the provisions hereof.
It is so ordered.
ROBERTS, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.