144 So.2d 811 (1962)
James Russell ROBINSON et al., Appellants,
v.
The STATE of Florida, Appellee.
No. 31723.
Supreme Court of Florida.
September 19, 1962.
Howard W. Dixon, Tobias Simon, Robert Ramer, Miami, and Alfred I. Hopkins, Miami Beach, for appellants.
Richard E. Gerstein and Roy S. Wood, Miami, for appellee.
THORNAL, Justice.
This case finally reaches us by an order of the Circuit Court of the Eleventh Judicial Circuit transferring an appeal from a judgment of the Criminal Court of Record of Dade County which passed upon the validity of a state statute.
The case traveled here by a circuitous and devious route which is not approved and which should be meticulously avoided in the future. See, Robinson v. State, Fla. 1961, 132 So.2d 3.
Robinson and others were found to be guilty of a misdemeanor in the Criminal Court of Record of Dade County. In denying a motion for a directed verdict at the conclusion of the evidence, the trial judge expressly sustained the validity of Section 509.141, Florida Statutes, F.S.A. The cited statute makes it a misdemeanor for a person to refuse to leave a restaurant after being requested so to do. The judgment of the criminal court was appealed to the circuit court. It should have been brought directly here under Article V, Section 4, Florida Constitution, F.S.A., which provides for direct appeal to this Court from final judgments of trial courts "directly passing upon the validity of a state statute." Evidently, this provision was never brought to the attention of the circuit judge. Moreover, pursuant to requirements of the Constitution this Court has adopted Florida Appellate Rule 2.1, subd. a(5) (d), 31 F.S.A., which reads in part as follows:
"When the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction. * * *"
In the instant case the circuit court sat as an appellate court. Florida Appellate Rule 1.3. It is evident that the provisions of the foregoing rule were not invoked *812 when this matter was originally before the circuit court in the exercise of its appellate jurisdiction. At that time the case should have been transferred immediately to this Court. In fact, it never should have been taken to the circuit court in the first instance. Robinson v. State, supra. Instead of being brought here directly, as the Constitution contemplates, the appeal took a tortuous route through the circuit court, thence by petition for certiorari to the District Court of Appeal which transferred to us the petition for certiorari. Whereupon, we were compelled, State v. Robinson, supra, to transfer the matter back to the District Court which in turn remanded it to the circuit court, which finally sent the original appeal to this Court where it should have been at the beginning of the appellate process.
Were we to condone this procedure it would be an invitation to litigants to ignore completely the requirements of the Constitution governing appeals. Litigants could merely follow the course which seemed to them to be most desirable, by selecting the appellate court of their own choice with the hope of finding somewhere along the line a decision suiting their desires.
In cases of the type now before us, the circuit court at the outset had no jurisdiction to do anything but transfer the appeal here. Instead, it proceeded to attempt to exercise complete appellate jurisdiction. Under the procedure followed in this case we would doubtless be justified in dismissing this appeal on the ground that the appellants had elected to proceed to a conclusion in the wrong forum instead of seeking the benefit of Rule 2.1, subd. a(5) (b), and thereby getting on the right track to move forward to final adjudication in the forum which had the power to proceed.
However, inasmuch as the case is now finally here, we will proceed to dispose of it because we do have jurisdiction. We have included the foregoing discussion for the guidance of the Bar in the future, in the hope that there will be no repetition of the procedure which was undertaken in the instant case.
We find it unnecessary to engage in any prolonged discussion of the merits of the case. The sole point presented is the matter of the validity vel non of Section 509.141, Florida Statutes, F.S.A. We have concluded, as did the trial judge, that the statute is nondiscriminatory and that it reflects a valid exercise of the legislative power of the State of Florida. Having so concluded, we find no reason to disturb the judgment of the Criminal Court of Record here under assault.
It is, therefore, affirmed.
It is so ordered.
ROBERTS, C.J., and DREW, O'CONNELL and HOBSON (Ret.), JJ., concur.