164 So.2d 208 (1964)
Israel DRESNER et al., Petitioners,
v.
CITY OF TALLAHASSEE, Respondent.
No. 33109.
Supreme Court of Florida.
May 22, 1964.
*209 Tobias Simon, Miami, Alfred I. Hopkins, Miami Beach, and Howard Dixon, Miami, for petitioners.
Roy T. Rhodes, Edward J. Hill and Rivers Buford, Jr., Tallahassee, for respondent.
THORNAL, Justice.
We have for response several questions certified to us by the Supreme Court of the United States pursuant to Rule 4.61, Florida Appellate Rules, 31 F.S.A. Dresner et al. v. City of Tallahassee, 375 U.S. 136, 84 S.Ct. 235, 11 L.Ed.2d 208.
For violation of a municipal ordinance the petitioners were tried and convicted in the Municipal Court of Tallahassee for the offense of unlawful assembly. Initially, the convictions were appealed to the Supreme Court of Florida. Dresner v. City of Tallahassee (Fla.), 134 So.2d 228. Concluding that this court lacked appellate jurisdiction, we transferred the appeal to the Circuit Court, Second Judicial Circuit. Art. V, Sec. 4(2); Art. V, Sec. 6(3), Florida Constitution, F.S.A. The Circuit Court affirmed the convictions. By his unpublished opinion the Circuit Judge took cognizance of the constitutional claims of the petitioners but found it unnecessary to reach them in the disposition of the appeal. It was his view that they had exercised unlawful conduct in their attempted assertions of otherwise constitutional privileges. The affirming decision of the Circuit Judge was subsequently presented for review by a petition *210 for certiorari addressed to the Florida District Court of Appeal, First District. This petition was not timely filed and was subsequently voluntarily withdrawn by the petitioners. Thereafter they applied for certiorari to the Supreme Court of the United States, directly assaulting the appellate judgment of the Circuit Court. In doing so, they undertook to bypass the Florida District Court of Appeal and the Supreme Court of Florida. They were then confronted by the contention of the respondent City that the judgment submitted to the Supreme Court of the United States was not "rendered by the highest court of a State in which a decision could be had" as required by 28 U.S.C. § 1257. The Supreme Court of the United States became immediately concerned over the jurisdictional issue. In order to resolve the problem, that court has certified to us the questions which we now acknowledge for determination in the light of state judicial precedents and controlling state constitutional provisions.
The first question submitted is as follows:
1. On a timely petition for writ of certiorari or other process, does the Florida District Court of Appeal or any other court of Florida have jurisdiction to review a judgment of the Circuit Court affirming a conviction in the Municipal Court of a violation of a municipal ordinance which incorporates a state statute by reference, where the questions presented for review concern the federal constitutionality of the ordinance on its face and as applied?
The question is answered in the affirmative. The judgment of the Circuit Court affirming the Tallahassee Municipal Court conviction was subject to review by the Florida District Court of Appeal, First District, by petition for a so-called common law writ of certiorari pursuant to Art. V, Sec. 5(3), Florida Constitution.
Prior to the establishment of the Florida District Courts of Appeal effective July 1, 1957, the authority to issue common law writs of certiorari was vested in the Florida Supreme Court. Subsequent to that date the Supreme Court of Florida was no longer empowered to issue these writs. The power, however, was delegated as of that date to the District Courts of Appeal. The extent of their jurisdiction in this respect is governed generally by the precedents previously applicable to the Florida Supreme Court. Robinson v. State (Fla.), 132 So.2d 3.
The type of certiorari which we here discuss is in the nature of the common law writ which issues in the sound discretion of a superior court directed to an inferior court in order to determine from the face of the record whether the lower court has exceeded its jurisdiction or has otherwise deviated from the essential requirements of the law. It is appropriate in situations where no other provision is made for the review of a judgment of a lower court. Robinson v. State, supra; 5 Fla.Jur., Certiorari, Sec. 24, p. 514. Prior to July 1, 1957, the writ was employed by the Florida Supreme Court to review the appellate judgments of circuit courts within the scope of the historical limitations applicable. 5 Fla.Jur., Certiorari, Sec. 25, p. 517. Since the critical date mentioned, the writ is available to the District Courts of Appeal for the same purpose.
We interpolate that the subject decision of the Circuit Court involved a consideration of the violation of a municipal ordinance. The opinion did not construe a controlling provision of the state or federal constitution. Even if the Circuit Judge had passed upon the validity of the municipal ordinance, review would have been obtained in the Florida District Court rather than this court. Cf. Armstrong et al. v. City of Tampa (Fla.), 106 So.2d 407. We repeat our affirmative reply to the first certified question with the holding that the subject decision of the Circuit Court could have been reviewed upon timely application for a writ of certiorari to the Florida District Court of Appeal, First District.
*211 The second question certified to us is as follows:
2. If the District Court of Appeal or any other court of Florida does have such jurisdiction and had granted review in this case by way of a writ of certiorari or other process, would it have been empowered to consider fully each of the following contentions, all indisputably properly preserved:
(a) "Petitioners were peaceable and orderly at all times; hence, there was no evidence whatsoever to support the convictions below for unlawful assembly, and therefore Petitioners have been denied due process of law under the Fourteenth Amendment";
(b) "The convictions constituted a violation of Petitioners' rights of freedom of speech and freedom of assembly as guaranteed by the Fourteenth Amendment";
(c) "The arrests and convictions herein constituted an undue burden on interstate commerce in violation of the interstate commerce clause of the Federal Constitution";
(d) "The arrests and convictions herein constituted a denial of the equal protection of the laws guaranteed by the Fourteenth Amendment"?
Our answer to question 2(a) is in the affirmative. We have pointed out that the Florida District Court of Appeal had the constitutional power to grant review of the subject Circuit Court decision through the instrumentality of a common law writ of certiorari. Assuming that the writ had been issued, that court would have been empowered to consider fully the claim of the petitioners that their assembly was peaceable and that there was, therefore, "no evidence whatsoever to support the convictions." Florida has consistently held that an adverse judgment reached in the face of a total lack of evidence constitutes a deviation from the essential requirements of the law. When such a judgment is not otherwise reviewable by appeal, it may be reached by a common law writ of certiorari issued by the appropriate court. The scope of review is limited to an exploration of the record to ascertain whether supporting evidence is totally lacking. It will not be expanded by the reviewing court to attempt a re-evaluation of the probative weight of the evidence. Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398; Flash Bonded Storage Co., Inc. v. Ades, 152 Fla. 482, 12 So.2d 164; Richard Store Co. v. Florida Bridge & Iron, Inc. (Fla.), 77 So.2d 632.
Our reply to certified questions 2(b), 2(c) and 2(d) is likewise in the affirmative. We answer these inquiries collectively inasmuch as they each involve a consideration of the federal validity of the subject municipal convictions. At this point we add the observation that a final judgment of a Florida "trial court" which construes a controlling provision of the state or federal constitution is directly appealable to the Florida Supreme Court. Art. V, Sec. 4(2), Florida Constitution; Milligan v. Wilson (Fla.), 104 So.2d 35. Assuming, for purposes of the instant case, that the Circuit Court would be classified generically as a "trial court" exercising an incidental appellate function, then if it had construed a controlling provision of the federal constitution, its judgment would have been appealable directly to the Supreme Court of Florida. In the instant situation, however, under Florida precedents, the affirming judgment of the Circuit Court did not construe but rather at most merely applied federal constitutional provisions. Its judgment in this regard, therefore, would have been subject to review by the District Court of Appeal, First District, by a petition for a common law writ of certiorari. We have held that a circuit court affirmance of a conviction obtained in a trial court of a lower echelon is subject to review by common law certiorari if such conviction was brought about by an unconstitutional ordinance. Malone v. Quincy, 66 Fla. 52, 62 So. 922, Ann.Cas. 1916D, 208. This was also *212 formerly the rule if the conviction in the lower trial court was the product of an unconstitutional statute. Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. 475; Porter v. State, 91 Fla. 667, 108 So. 814. Similarly it has been held that the imposition of a penalty for activities not within the prohibition of a penal statute may be reached on ultimate review by certiorari. Balbontin v. State, 68 Fla. 84, 66 So. 421.
More directly in response to the instant inquiry we have held that state action may be measured by federal constitutional standards in a certiorari proceeding. Western Union Telegraph Co. v. Wright, 79 Fla. 600, 84 So. 604.
Summarizing our affirmative response to questions 2(b), 2(c) and 2(d), our opinion is that the instant judgment of the Circuit Court could have been tested by the federal constitutional claims in the Florida District Court of Appeal provided, as the question assumes, that all of such claims were "indisputably properly preserved."
We contribute an additional observation regarding a possible review of the decision of the Florida District Court of Appeal if its jurisdiction had been properly invoked in the instant case. Under Florida constitutional provisions a decision of the District Court of Appeal is reviewable on certiorari granted by the Florida Supreme Court in the event that such decision conflicts on the same point of law with a prior decision of the Supreme Court or another District Court of Appeal. Such decision is reviewable by the Florida Supreme Court if it initially construes a controlling provision of the state or federal constitution or initially passes upon the validity of a state or federal statute or treaty. To this extent complete exhaustion of Florida's appellate processes would comprehend ultimate consideration and disposition of a particular case by action of the Florida Supreme Court timely and properly invoked.
Our conclusion, therefore, is that in the instant case the petitioners did not seek and therefore did not exhaust Florida's available appellate remedies and the decision of the Circuit Court in this instance was not rendered by the highest court in Florida in which such a decision could have been had. This conclusion follows our previously indicated affirmative answers to each of the certified questions.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.