SWANN, Judge.
Petitioner sought a writ of certiorari from an order of affirmance by the Circuit Court of Dade County, Florida, affirming his conviction and sentence by the Criminal Court of Record for the crime of bookmaking.
On January 28, 1964, an information was filed charging the petitioner with unlawfully taking or receiving a bet upon the result of a horse race; a misdemeanor. He was tried and found guilty of the charge.
The petitioner appealed to the Circuit Court and asked that court to determine the question of whether the trial court erred in finding the defendant guilty, in that the evidence adduced at trial was of such a nature as to show entrapment.
The Circuit Court’s order affirming the judgment and sentence resulted in a petition for certiorari to this court. The petitioner contends that the Circuit Court erred in not reversing the Criminal Court of Record, on grounds that the defense of entrapment was a defense to the charge.
Since the Circuit Court exercises final appellate jurisdiction in this type of case, this matter is set to rest by our decision *457 in State v. Katz, Fla.App.1959, 108 So.2d 60, wherein Judge Carroll for the court said:
“The constitution confers upon the circuit courts ‘final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace.’ (Emphasis supplied.) Const. of Fla., Art. V, § 6(3), 26 F.S.A.
“Due regard for the plain language of the constitution prevents this appellate court from entertaining a second appeal. The common law writ of certiorari was not meant for and may not be diverted to such purpose. See Townsend v. State, Fla.App.1957, 97 So.2d 712, 713; 5 Fla.Jur., Certiorari, § 25. On such certiorari we must restrict our consideration within those limits which have been well defined by the Supreme Court.
“In Benton v. State, 74 Fla. 30, 76 So. 341, 342, it was held that as to those cases where the constitution afforded final appellate jurisdiction in the circuit courts, certiorari to the Supreme Court could not be used for a second appeal, nor to produce the merits for review as on appeal; that in such circumstances the writ may not be used to review and affirm or reverse the order of the circuit court made in the exercise of its granted (final) appellate jurisdiction, but calls for an order which ‘must either quash the proceeding of the judge of the circuit court, or quash the certiorari which brings it here.’ ”
Petitioner does not show that there was any departure from the essential requirements of law by the lower court, but seeks to obtain a second review of the case to pass on the correctness of the circuit court’s order made in exercise of its final appellate jurisdiction.
The petition for writ of certiorari is therefore denied.
It is so ordered.