PIERCE, Judge.
This case is pending upon petition for writ of certiorari to review a judgment and order entered by the Pinellas County Circuit Court on July 21, 1966, affirming the judgment of conviction and sentence entered on September 21, 1965, by the Municipal Court of the City of St. Petersburg against petitioner Mary Anne Awtrey upon a finding by said Municipal Court, after trial, that she was guilty of a charge duly lodged against her of violation of Ordinance 25.15 of said city defining “disorderly conduct — tending to a breach of peace”.
The facts out of which the case arose are not complicated nor in dispute. Petitioner, a reporter for a local St. Petersburg newspaper, insisted on sitting, and to her right to so sit, as an uninvited observer at an informal gathering in the Mayor’s office on September 2, 1965, at approximately 8:05 A.M. of a group constituting a majority of the local city council and two city attorneys. It was not a legal or official meeting of the council but was for the purpose of informally discussing possible settlement of a personal injury claim against the city. The official, legal meeting of the council was scheduled to be held, and was held, later the same morning beginning about 9 A.M. in the regular Council Chambers of the City, pursuant to previous official resolution.
At the earlier informal meeting in the Mayor’s office, petitioner insisted upon her right to “sit in on it” even though it was not an official meeting, maintaining that it “was a meeting of council and was public and that she, a member of the public, was entitled to be present”. After repeated efforts by the Mayor and other city officials present to induce her to leave were unavailing, she was finally taken into custody by a local police officer upon the charge later made the basis of the Municipal Court prosecution, and escorted from the Mayor’s office. At no time was her personal conduct otherwise objectionable or improper except her insistence upon staging a novel “sit-in” demonstration, choosing as the situs of her test demonstration not the public environs of a restaurant, schoolhouse, motel, or curbstone, but rather the august sanctuary of the office of his Honor, the Mayor.
After her trial and conviction in the Municipal Court she appealed the judgment entered against her to the Pinellas County *470 Circuit Court, which court affirmed the conviction in an “Opinion and Order” entered by Circuit Judge James T. Smith which correctly and ably discussed the facts of the case and the law applicable thereto, relying principally upon the case of Turk v. Richard, Fla. 1950, 47 So.2d 543. Respondent City, on October 17, 1966, filed here a motion to dismiss this certiorari proceeding on the ground that it was an “attempted invocation of this Court’s jurisdiction on common law certiorari * * * to invoke a second appeal in this case”. On November 2, 1966, we denied the motion without opinion. Inasmuch as it is a matter that affects our jurisdiction, we will discuss it briefly.
Our jurisdiction to entertain this proceeding derives solely from Article 5, Section 5, of the Florida Constitution, F. S.A., empowering this Court to issue writs of certiorari. It is in no sense an appeal, which in a proper case is a matter of right; it is strictly certiorari with all the recognized attributes of such, including the fact that it is discretionary.
In Berger v. State, Fla.App.1965, 174 So.2d 456, the 3rd District Court, in a similar situation, denied a petition for writ of cer-tiorari brought to review an order entered by the Dade County Circuit Court affirming a conviction and sentence by the local Criminal Court of Record for a'criminal misdemeanor. It was held that the certiorari proceeding was brought only “to obtain a second review of the case to pass on the correctness of the circuit court’s order” but that because “the Circuit Court exercises final appellate jurisdiction in this type of case” certiorari in the 3rd District Court would not lie. The Berger opinion cited the previous case by that same Court of State v. Katz, Fla.App.1959, 108 So.2d 60, which held to the same effect in more specific detail.
If there were no overriding authority to Berger and Katz, we would be strongly inclined to follow our sister Court of the 3rd District, but the Supreme Court of Florida, in Dresner v. City of Tallahassee, Fla.1964, 164 So.2d 208, has squarely held that the District Courts of Appeal have-certiorari jurisdiction in the situation here-presented. Dresner was a case which had. originated in the Municipal Court of Tallahassee wherein Dresner was convicted of violating a local municipal ordinance. He-first appealed to the Supreme Court of Florida, but that Court, concluding that it lacked appellate jurisdiction, transferred the appeal to the local Circuit Court, which: Court in due course affirmed the conviction. Dresner forthwith went directly to-the judicial haven in such matters, the U. S. Supreme Court, by certiorari, which Court certified for answer to the Supreme Court, of Florida numerous stated questions as to-the appellate processes in Florida in such, instances as presented. It was in answer to the high Court’s certified questions that the Florida Supreme Court held that the District Courts of Appeal had certiorari jurisdiction in cases analogous to the case-sub judice.
So we accept the opinion in Dresner as-bestowing upon us certiorari jurisdiction in-this class of cases, however dubious the honor might be. But wé do note with, genuine gratification that the Supreme-Court in Dresner has seemingly held that certiorari in such instances cannot be “expanded by the reviewing court to attempt a re-evaluation of the probative weight of" the evidence” but is limited to determining-“from the face of the record whether the lower court has exceeded its jurisdiction, or has otherwise deviated from the essential' requirements of the law”. We accept this-as delineating the scope of our certiorari-review in such cases.
Gauged by such standards, we find' that the affirmance order of Judge Smith: is singularly free of any of the vices which, would render it amenable to successful review by certiorari. The petition for the-writ of certiorari is therefore denied.
LILES, Acting C. J., and HOBSON, J.„ concur.