222 So.2d 6 (1969)
CITY OF FORT LAUDERDALE, Appellant,
v.
Marie Allyn KING, Appellee.
No. 37246.
Supreme Court of Florida.
March 19, 1969.
Rehearing Denied May 20, 1969.
*7 Dean Andrews, Ronald B. Sladon, Elwood Obrig and E. Clay Shaw, Jr., Fort Lauderdale, for appellant.
Ray Sandstrom, of Sandstrom & Hodge, Fort Lauderdale, for appellee.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., amicus curiae.
DREW, Justice.
The appeal in this case is from a judgment of the Circuit Court for Broward County affirming convictions for assault and battery and disorderly conduct but vacating a mandatory jail sentence, five days in addition to $250 fine, imposed by the municipal court of the City of Ft. Lauderdale. The circuit court held invalid that part of Chapter 59-1281, Section 4, Laws of Florida, Special Acts 1959, the Fort Lauderdale City Charter, allowing imprisonment in addition instead of alternative to fines for violations of ordinances. The Charter authorizes the municipality to adopt ordinances necessary to effect powers conferred by law and to:
"* * * provide and impose suitable penalties for the violation of such ordinances, rules and regulations, or any of them, by fines not exceeding Five Hundred Dollars ($500.00) or imprisonment for a term not exceeding ninety (90) days, or both." (e.s.)[1]
The issue of statutory validity was not, according to the record, raised in the municipal court and could not in any event have been presented until after imposition of sentence. The judgment in that court was therefore not appealable here as one "directly passing upon the validity of a state statute * * * or construing a controlling provision of the Florida or federal constitution * * *."[2] and the appellate jurisdiction of the circuit court was properly invoked.[3] We think the decision of the circuit court, based squarely on the constitutional argument presented by assignment of error and passing directly on the validity of a statute, must under the circumstances be regarded as that of a trial court within the above-quoted provision of Article V[4] authorizing appeals from trial courts to be taken directly to the Supreme Court as a matter of right.
The conclusion of the circuit court was that the provision for mandatory sentence for conviction under a municipal ordinance (as distinguished from a sentence to be served only if a fine is not paid) was invalid under Sections 20 and 21 of Article III, Florida Constitution, requiring that all laws "for the punishment of crime or misdemeanor" shall be general and of uniform operation throughout the State, or that the provision was invalid under the state and federal constitutional prohibitions against *8 "involuntary servitude, except as a punishment for crime."[5] (e.s.)
Appellee concedes a necessary distinction between municipal ordinances penalizing offenses of local effect and laws for punishment of crime which must be "of uniform operation throughout the State" under Article III, supra, but defends the reasoning of the Court below to the effect that municipal offenses, which are not crimes within this and other statutory and constitutional classifications,[6] must necessarily be exempt from mandatory imprisonment (i.e. except as alternative to a fine) by the constitutional provisions against penal servitude, Sec. 19, Decl.Rights, Fla. Const., and Amend. 13, U.S.Const., which prohibit "involuntary servitude, except as a punishment for crime * * *." (e.s.) The contention apparently is that if municipal offenses are not crimes within constitutional provisions for jury trial "in all criminal prosecutions"[7] and for uniform operation of criminal laws, supra, then such offenses cannot be treated as "crimes" so as to be punishable by "involuntary servitude."
We believe the decision and opinion in State ex rel. Sellars v. Parker, 1924, 87 Fla. 181, 100 So. 260, determine all issues contrary to the judgment below and in favor of the validity of the charter provision involved in this case:
"The argument predicated upon the theory that imprisonment for a violation of a municipal ordinance cannot legally be imposed except for nonpayment of a fine, * * * is fully met when it appears that in England and in this country, where expressly authorized by statute, imprisonment may be imposed in the first instance for violations of municipal ordinances that are as in this case public in their nature and relate to matters within proper municipal authority * * * and when before the adoption of the present constitution of 1885, * * * imprisonment was expressly provided for as a primary penalty for violating municipal ordinances * * *."
The pertinence and viability of this reasoning has been subsequently confirmed.[8] We are unable to follow the contrary opinion, based on the alleged civil nature of municipal offenses in another state, relied on to sustain the order appealed.[9]
It is plain from the context of the constitutional language, stating imprisonment or involuntary servitude shall be imposed only for "punishment of crime," that the reference is to crime in its generic sense, and that as recognized repeatedly by courts faced with such constitutional problems, construction in the light of history must of necessity play its part in eliminating the tyranny of words.[10]
*9 The decision is accordingly reversed with directions that the judgment and sentence be affirmed.
ROBERTS and CALDWELL (Retired), JJ., WALKER and TAYLOR, Circuit Judges, concur.
ERVIN, C.J., concurs specially with opinion.
THORNAL, J., concurs specially with opinion.
ERVIN, Chief Justice (concurring specially):
I concur in the judgment because the municipal sentence imposed here was for five days' imprisonment only and should not be considered sufficient to bring the case into the serious crime category. However, by way of caveat I note that in certain cases a "municipal offense" as that term is defined in the foregoing opinion herein may indeed partake of the characteristics generally considered sufficient to constitute serious crimes. In such cases it would appear that appropriate safeguards guaranteed by the Federal and State Constitutions should be honored. See discussion of this phase of the subject in Boyd v. County of Dade (Fla.), 123 So.2d 323, text 331.
For example, when it is apparent to a municipal judge prior to his trying an alleged ordinance violator that the nature of the offense charged is not in the class of a petty or trivial offense, but is similar in nature to a serious misdemeanor offense triable in a county court, county judge's court, or justice of the peace court, and the alleged violator, if convicted, would be subject to a penalty of approximately the same magnitude as is ordinarily imposed in misdemeanor courts for a similar offense, and particularly where the municipal judge contemplates imposition of imprisonment for thirty days or more, such constitutional safeguards should be applied and a jury trial afforded if seasonably demanded. Compare Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, and Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522.
It appears to me that by following this suggested practical rule of operation a municipal judge would satisfy most of the constitutional guarantees that otherwise might be advanced to invalidate some of the imprisonment sentences imposed by him.
THORNAL, Justice (concurring).
I concur in both the opinion and judgment prepared by Mr. Justice Drew. I wish to add particular approval to his handling of the jurisdictional problem which has been a source of difficulty ever since Fla. Const. art. V was amended to become effective on July 1, 1957. Robinson v. State, 132 So.2d 3 (Fla. 1961); Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964). Unless the problem is handled as Justice Drew treats it, there would remain a hiatus in the Constitution regarding orders of circuit courts when they pass initially on the validity of statutes in the exercise of their appellate jurisdiction. The disposition of the matter as announced in this opinion is the only practical solution available to us. It also recognizes the Supreme Court as the direct and ultimate arbiter of the statutory validity problem. This certainly was contemplated by those who drafted and those who approved amended Art. V, supra.
TAYLOR, Circuit Judge, concurs.
NOTES
[1] This section of Chapter 59-1281 repealed and re-enacted sub-paragraph (qq) of Sec. 15 of Chap. 57-1322, Laws of Florida, Special Acts of 1957, the Charter of the City of Ft. Lauderdale.
[2] Art. V, Sec. 4, Fla. Const., F.S.A. Cf. Robinson v. State, Fla. 1961, 132 So.2d 3, and 144 So.2d 811.
[3] F.S. Sec. 932.52(13), F.S.A.; Sec. 6(3), Art. V, Fla. Const.
[4] Note 3, supra. See also Dresner v. City of Tallahassee, Fla. 1964, 164 So.2d 208, 211: "* * * Assuming, for purposes of the instant case, that the Circuit Court would be classified generically as a `trial court' exercising an incidental appellate function, then if it had construed a controlling provision of the federal constitution, its judgment would have been appealable directly to the Supreme Court of Florida."
[5] Sec. 19, Decl.Rights, Fla. Const.; 13th Amend., U.S.Const.
[6] Roe v. State, 1928, 96 Fla. 723, 119 So. 118, 121: "* * * offenses against municipal ordinances * * * are neither crimes nor misdemeanors, strictly speaking, within the meaning of the constitutional provision * * *."
[7] Sec. 11, Decl.Rights, Fla. Const.; Art. III, Sec. 2, and Amend. VI, U.S.Const.
[8] Boyd v. County of Dade, Fla. 1960, 123 So.2d 323.
[9] State ex rel. McStroul v. Lucas, 251 Wis. 285, 29 N.W.2d 73. See also 62 C.J.S. Municipal Corporations § 179b, p. 337: "In a jurisdiction wherein a municipality may not create a crime, an ordinance, in so far as it provides for imprisonment as a penalty for a violation thereof otherwise than to enforce collection of a fine, is void as an attempt by the municipality to create a crime."
[10] In the very recent case of Duncan v. Louisiana, 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491, there appears an explicit recognition that petty offenses are in fact crimes but may not, on the basis of historical considerations, require jury trial:

"Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses * * *."
The opinion on this point is a classic illustration of the fact that the word "crime" in our constitutional provisions is used with less than perfect precision or consistency, since the above exclusion of certain crimes is made in the face of comprehensive mandates, Art. III, Sec. 2, and Amend. 6, U.S.Const., that "The Trial of all Crimes * * * shall be by Jury," and for such right "in all criminal prosecutions." (e.s.)