REED, Chief Judge.
A petition for a writ of certiorari was filed by Bradley Scott Mitchell and George Rhea Slaton for a review by this court of a decision of the Circuit Court for Broward County, Florida, sitting in its appellate capacity. The resolution of this issue involves an interpretation of F.S. 1970, Section 932.61, F.S.A., a recent enactment of the Florida Legislature providing for the transfer of certain causes from municipal courts to state courts for trial by jury. Our review is limited to a determination from the record before us whether the lower court has exceeded its jurisdiction or has otherwise deviated from the essential requirements of law. Dresner v. City of Tallahassee, Fla.1964, 164 So.2d 208, 210; Awtrey v. City of St. Petersburg, Fla.App.1967, 193 So.2d 468, 470.
From the record presented in support of the petition for certiorari, it appears that the petitioners were each charged by an officer of the City of Fort Lauderdale on 11 July 1970 with a violation of an ordinance of that city designated as Ordinance No. 44-178. The ordinance was not included in the record. Each petitioner was charged by a document labeled “Complaint-Affidavit”. Each charging document alleges that on 11 July 1970 the petitioners exceeded the speed limit by traveling 55 miles per hour in a 45 mile an hour zone; were guilty of improper passing and lane usage; and careless driving. The place of the violation was described on the charging documents as: “Oakland Park Blvd. 2800 block on Fed. Hway.”
The petitioners filed in the Municipal Court for the City of Fort Lauderdale a petition for a transfer of the trial of the charges of careless driving in violation of Ordinance No. 44-178 to the appropriate state court for trial by jury. Each such petition alleged among other things:
“I desire a trial by jury and seek a transfer of the following charge, violation of municipal ordinance #44-178, Careless Driving, to a Court of this county providing criminal trial by jury.”
The municipal court denied each petition. An appeal was taken on behalf of each petitioner to the circuit court which consolidated the appeals and affirmed the rulings of the municipal court.
The petitioners’ contention here, as reflected by their brief, is “ * * * that the court (apparently referring to the municipal court) should take notice that the acts which constitute a violation of the city’s careless driving ordinance 44.178 in the present case are also a violation of a state law (F.S. 317.271 [F.S.A.], F.S. 317.221 [F.S.A.]).” The fallacy in the petitioners’ argument is that it assumes that their right to a transfer under F.S.1970, Section 932.-61, F.S.A., may be determined as a matter of law simply by comparing the allegations *826 on the charging documents, i. e., the traffic tickets, with the cited state statutes.
From the face of the tickets charging the petitioners with driving 55 miles an hour in a 45 mile an hour zone, it is impossible to determine whether such conduct constituted a violation of F.S.1969, Section 317.-221, F.S.A. The pertinent part of that statute, as worded at the time of the alleged violation provided:
“(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing * * *.
“(2) (a) The maximum speed limit for motor vehicles on the highways * * * shall be:
“1. Thirty miles per hour in business or residence districts.
“2. Sixty-five miles per hour during the daytime at other locations on the highway.
“3. Fifty-five miles per hour during the nighttime at other locations on the highway.”
******
From the terms of the statute it is apparent that its violation would depend on factual matters not appearing in the charging document such as whether or not the violation occurred in a business or residential district. It is true that the tickets indicated the violations occurred in a business “Area”, but such does not necessarily correspond with a “Business District” as defined in F.S.1969, Section 317.011(4), F.S. A.
F.S.A.1969, Section 317.271, F.S.A. — the other state statute which the petitioners claim was violated by the conduct charged to them on the face of the traffic tickets —provides in pertinent part:
“The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:
“(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.
“(2) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle, on audible signal or upon the visible blinking of the head lamps of the overtaking vehicle if such overtaking is being attempted at nighttime, and shall not increase te speed of his vehicle until completely passed by the overtaking vehicle.”
Whether or not this statute was violated clearly depends on the facts underlying the municipal charge of improper lane usage and improper passing. Hence, it cannot be determined whether or not the statute was violated simply from the allegations of the traffic tickets which are basically assertions of ultimate fact.
As to both statutes, F.S.1969, Sections 317.221 and 317.271, F.S.A., their application within a municipality depends upon whether or not the violation occurred on the state-maintained highway system (including state-maintained municipal connecting link roads as defined in F.S.1969, Section 335.05(1), F.S.A.) or on a county-maintained highway system. See F.S.1969, Section 317.041, F.S.A., and Hobby v. Southern Bell Telephone and Telegraph Company, Fla.App.1969, 217 So.2d 123. Thus, here again questions of fact are presented which cannot be determined simply by reference to the traffic tickets.
F.S.1970, Section 932.61, F.S.A., relied upon by the petitioners, provides in pertinent part as follows:
“A person charged in a court with a violation of a * * * municipal ordinance *827 for which no jury trial is provided may, when the violation * * * is also a violation of a state law, cause the transfer of the violation to the appropriate court in which a trial by jury is provided, in the following manner:
“(1) Prior to the commencement of the trial in the court not providing trial by jury, the person charged, or his attorney, shall file a petition requesting transfer to the appropriate court providing trial by jury * * *.
******
“(3) The judge of the court in which the person is charged shall entertain defendant’s petition forthwith and shall, upon finding the petition to be correct in all its allegations of fact, order by written endorsement on the petition the transfer of defendant’s cause to the appropriate court providing criminal jury trial jurisdiction.”
* * * * * *
As in the present case, where the allegations on the charging document issued by the municipality do not clearly demonstrate that the municipal violation is also a violation of state law, Section 932.61 by necessary implication requires the person seeking the transfer to present evidence to the municipal court of the facts underlying the municipal charge. If such evidence demonstrates that the conduct which gave rise to the municipal charge is also a violation of state law, a transfer should then be ordered by the municipal court, assuming the other statutory conditions are met.* In the present case the transcript which was provided to this court in support of the petition for certiorari does not reveal that such an evi-dentiary presentation was made in the municipal court. There is, therefore, no basis upon which we might conclude that the municipal court was in error in denying the transfer or that the circuit court deviated from the essential requirements of law in affirming the municipal court’s order.
For the foregoing reasons, the petition for certiorari is denied.
Certiorari denied.
CROSS and MAGER, JJ., concur.

 It might be well to note that if the person seeking a transfer contemplates appellate review of the order of the municipal court, he would be wise to place in evidence before the municipal court a copy of the ordinance allegedly violated by the person seeking the transfer because appellate courts may not take judicial notice of municipal ordinances. Miami Shores Village v. Bessemer Properties, Inc., Fla.1951, 54 So.2d 108; Applied Research Laboratories of Florida, Inc. v. Homer, Fla.App.1971, 249 So.2d 732.