PER CURIAM.
This is an appeal from an order of the Circuit Court for Palm Beach County, Florida, sitting in its appellate capacity. The order affirmed a final judgment against the appellant entered by the Small Claims-Magistrate Court for said county. The judgment awarded the plaintiff, Walter Watts, the appellee here, $1,000.00 from the appellant who was the defendant in the trial court.
At the outset we note that this court does not have jurisdiction to review by appeal an order rendered by the Circuit Court sitting in its appellate capacity. Article V, Section 5(3), Florida Constitution 1968, F.S.A. We have elected, however, to treat the proceedings herein as a petition for common law certiorari and will review the order of the circuit court on that basis. The scope of such review is limited to a determination from the face of the record whether the lower court exceeded its jurisdiction or otherwise deviated from the essential requirements of law. Dresner v. City of Tallahassee, Fla.1964, 164 So.2d 208, 210.
From the record before the circuit court it appears that the plaintiff sued the defendant in the Small Claims-Magistrate Court for $1,000.00. His claim was based on two documents. One is entitled, “Pre-subscription Agreement.” It was executed by the plaintiff, the defendant, and John Morían. The other document was drawn on a form designed for use as a promissory note. It was signed by Morían and Thomas F. Navarre, but not by the defendant. The nature of these two documents and the intent of the parties thereto with respect to the defendant’s obligation, if any, to the plaintiff, are not readily apparent from the face of the instruments which are vague and ambiguous in the extreme. Therefore, a record of the extrinsic evidence presented in the trial court was essential to any meaningful review by the circuit court of the final judgment. Unfortunately no such record was presented to the circuit court. This left the court with no alternative but to indulge the presumption of correctness in favor of the trial court’s order and affirm the same on that ground. The circuit court did not avoid its responsibility to review the judgment as appellant here suggests. Rather it is the appellant who failed in his responsibility to present an adequate record for purposes of supporting his appeal. See City of South Bay v. Armstrong, Fla.App.1966, 188 So.2d 21.
*467 For the foregoing reasons, we hold that the circuit court’s order of affirmance was in compliance with the essential requirements of law and deny certiorari.
Certiorari denied.
REED, C. J., and WALDEN and OWEN, JJ., concur.