283 So.2d 880 (1973)
John H. PIERSON and Gynelle Pierson, Petitioners,
v.
G. Kendall SHARP, Respondent.
No. 72-1195.
District Court of Appeal of Florida, Fourth District.
October 19, 1973.
*881 John H. Pierson in pro. per.
Sharp, Johnston & Brown, Vero Beach, for respondent.
OWEN, Chief Judge.
By petition for writ of certiorari we are asked to review an order of the Circuit Court of Indian River County whereby, in its appellate capacity, it dismissed an appeal from the Small Claims Court of Indian River County.
The scope of our review is limited to a determination from the face of the record whether the lower court exceeded its jurisdiction or otherwise deviated from the essential requirements of law. Dresner v. City of Tallahassee, Fla. 1964, 164 So.2d 208.
The order of dismissal was predicated upon a recitation (1) that all of the appellants' assignments of error raised questions which dealt with evidentiary matters testified to at the trial in the Small Claims Court, (2) that the record was void of any certified copy of reporter's transcribed notes of the trial proceedings or any part of the trial testimony, (3) that the Circuit Court having theretofore instructed the parties to meet with the judge of the Small Claims Court in an attempt to stipulate to the evidence, it was apparent from the stenographically reported and transcribed proceedings of such meeting or conference that the parties and the court could not sufficiently stipulate to the testimony, and (4) thus the record on appeal was inadequate for a determination of the appellate issues presented.
It is the duty of the appellant to bring before the appellate court a record adequate to support his appeal, Best v. Barnette, Fla.App. 1961, 130 So.2d 90. If the points on appeal are such that they necessarily cannot be decided without a review of the evidence before the trial court, the absence from the record of such evidence precludes appellate review. Such is the case here. Although we are not unsympathetic to petitioner's argument that the Small Claims Court is "the peoples' court" wherein court reporters are not customarily utilized, this fact can not justify *882 an appellate court in ignoring or discarding its proper appellate role.
When it became apparent that an essential part of the record was not and could not be brought to the court, the appeal was necessarily doomed to failure. While under these circumstances the court would have been justified in merely affirming the judgment, cf. Blacharski v. Watts, Fla. App. 1972, 268 So.2d 465, a dismissal of the appeal was equally justified and accomplished the same end result. There was no departure from the essential requirements of law.
Certiorari denied.
MAGER and DOWNEY, JJ., concur.