MANN, Judge (Ret.).
Galloway’s driver’s license was suspended pursuant to Fla.Stat. § 322.261 (1973) in the county court for Pinellas County. He appealed the order of suspension to the Circuit Court which dismissed the appeal on motion on the ground that certiorari was the only appropriate remedy relying on Akins v. State, Fla.App. 2d 1971, 249 So.2d 778. The brief reported order in Akins has been misunderstood. That case related to an attempted appeal to this court from an appellate proceeding in the Circuit Court. It is correct that common law cer-tiorari is the appropriate vehicle for such review. Dresner v. Tallahassee, Fla.1964, 164 So.2d 208. It is also true, contrary to the court’s intimation in Atkins that an appeal improvidently taken may be treated as a petition for certiorari, Blacharski v. Watts, Fla.App. 4th 1972, 268 So.2d 465. To be the extent that Akins implies to the contrary, we recede from such implication. The question then before us is whether the Circuit Court should have dismissed an appeal when Fla.Stat. § 322.31 denominates certiorari • as the appropriate method of seeking review. We think that in the light of Fla.Const. Art. V, § 2(a), the denial of review in this instance was erroneous. That section, in granting to the Supreme Court the authority for the adoption of rules, specifically provides that those rules must include “a requirement that no cause shall be dismissed because an improper remedy has been sought.” We think the spirit of that constitutional mandate militates against an excessively technical interpretation which would deny judicial review for a simple case of misnomer. Our Supreme Court has recently said:
“A party is afforded his ‘day in court’ with respect to administrative decisions when he has a right to a hearing and has the right to an appeal to a judicial tribunal of the action of an administrative body.” [1]
We think the right to judicial review has been improvidently frustrated in this case.
The writ of certiorari is granted and the order of the Circuit Court dismissing the *280 appeal is quashed with directions to treat the appeal as a petition for certiorari within the meaning of Fla.Stat. § 322.31 (1973) in the consideration of which any further objections to the timeliness or appropriateness of review, intimated in respondent’s brief, may be raised in the Circuit Court.
Ordered accordingly.
McNULTY, C. J., and GRIMES, J., concur.

. Scholastic Systems, Inc. v. LeLoup, Fla., 307 So.2d 166, Opinion filed October 24, 1974.