ADKINS, Justice.
This is a direct appeal from the circuit court, sixth judicial circuit, which held that section 810.08, Florida Statutes (1977) was constitutional.
Defendant was charged with violating the provisions of the statute by willfully entering the Albertson-Southco, Inc., in St. Petersburg, Florida, after having been previously forbidden to enter that establishment. Defendant entered a plea of not guilty in the county court and moved to dismiss the information on the ground that it did not contain any allegation that the person issuing the warrant had such authority. This motion was denied. Defendant also filed a motion to dismiss on the ground that the uncontradicted facts did not establish a prima facie case. This motion was also denied.
The defendant then entered a plea of nolo contendere reserving his right to assert on appeal error in the denial of both motions to dismiss. The constitutionality of the statute was not raised in either one of the motions to dismiss. On appeal to the circuit court defendant first raised the constitutionality of the statute. The court affirmed the conviction and specifically held that the statute involved was constitutional.
Article V, section 3(b)(1), Florida Constitution, provides that the Supreme Court shall hear appeals from “orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute”. In seeking jurisdiction, the defendant relies upon City of Ft. Lauderdale v. King, 222 So.2d 6 (Fla.1969). The appeal in King was from a judgment of the circuit court affirming convictions for assault and battery and disorderly conduct but vacating a mandatory jail sentence on the ground that the statute allowing the mandatory jail sentence was invalid. We regarded the decision of the circuit court on the constitutional argument as that of a “trial court” within the above provisions of article V, authorizing appeals from trial courts to be taken directly to the Supreme Court as a matter of right. The issue of statutory validity was not raised in the municipal court and, in fact, could not in any event have been presented until after imposition of the sentence. We accepted jurisdiction.
Defendant also relies upon Dresner v. City of Tallahassee, 164 So.2d 208 (Fla.1964), where the Court held that a judgment of a circuit court affirming a municipal court conviction was subject to review by timely petition to the district court of appeal for a common law writ of certiorari. The opinion contains the following statement:
Assuming, for purposes of the instant case, that the Circuit Court would be classified generically as a “trial court” *622 exercising an incidental appellate function, then if it had construed a controlling provision of the federal constitution, its judgment would have been appealable directly to the Supreme Court of Florida.
164 So.2d 211. In Dresner the Court did not discuss the question of whether the defendant raised the constitutionality of the statute at the trial level. Under some circumstances the circuit court may have authority to initially pass upon the constitutionality of a statute while exercising appellate jurisdiction, but no such circumstances are present here.
In passing upon the constitutionality of the statute, the circuit court was not acting as a “trial court” as contemplated by article V, section 3(b)(1), Florida Constitution.
In Silver v. State, 188 So.2d 300 (Fla.1966), the defendant was tried upon a charge of grand larceny and was convicted. On appeal the defendant raised the constitutionality of the statute for the first time, and the district court of appeal passed on the constitutionality. The Supreme Court declined to take jurisdiction of an appeal from the decision of the district court of appeal. In its opinion the Court said:
Sanction of the maneuver attempted in this cause could, and probably would, result in much mischief, for example, a defendant could plead not guilty to an information, offer no challenge of the statute forming a basis for the formal charge then abide the verdict and adjudication hoping, no doubt, there would be a conclusion of not guilty. Then he could appeal and by assignment of error obscure any question of the validity of the act by assigning a general ground indistinctly relating to a ruling on a motion for a new trial which could “probably” embrace a challenge of constitutionality since it consisted of the charge that “the information did not state a crime * Going a step farther, the hypothetical defendant in a nebulous fashion on which the District Court of Appeal animadverted finally could inject there for the first time the constitutional question. Meanwhile the trial court would have been left far behind with never a chance to pass upon the constitutional issue. So the hypothetical defendant after losing his case in the District Court of Appeal could knock at the door of the Supreme Court and represent that the constitutional question so belatedly and nebulously raised by him had been “initially” decided by the District Court of Appeal. Were he to succeed he would have had two appeals instead of the one to which we have said he was entitled, Lake v. Lake, 103 So.2d 639, Fla.1958.
The attempt is, we apprehend, ingenious but it is not conductive to sound practice, and it is so lacking in merit that we reject it as a means of vesting jurisdiction in this court.
The appellant’s right of appeal was vouchsafed to him by the same section of the Constitution. He had but to secure a ruling on the constitutional question in the trial court then, in event of an unfavorable ruling, appeal direct to this court. Not having followed a course that is clearly charted he is now hoist on his own petard.
188 So.2d at 301-92.
Also, defendant Davis waived his right to question the validity of the statute on appeal.
In the case sub judice the defendant entered a plea of nolo contendere and did not reserve any right to raise the constitutional question on appeal. The statute was not attacked at the trial level. Defendant has exercised his right to one appeal. If he had desired to appeal to this Court, he only had to raise a constitutional question before the trial court and, in event of an unfavorable ruling, could have appealed directly to this Court. Not having followed this course, he is clearly wrong in his effort to activate the jurisdiction of this Court.
For the reason stated, jurisdiction is declined and the judgment of the circuit court is not disturbed.
ENGLAND, C. J., and BOYD, OVER-TON, SUNDBERG, ALDERMAN and MCDONALD, JJ., concur.