SUAREZ, J.
 

 State Farm Fire and Casualty Insurance Company (“State Farm”) petitions for second tier certiorari review of a decision rendered by the Appellate Division of the Circuit Court. We have jurisdiction. Fla. R. App. P. 9.030(b)(2)(B);
 
 Custer Med. Cntr. v. United Auto. Ins. Co.,
 
 62 So.3d 1086 (Fla.2010). The circuit court upheld the trial court’s decision to strike State Farm’s affirmative defense of fraud on the morning of trial and to prohibit State Farm from reading a portion of the insured’s (David Valera) deposition to the jury. We grant certiorari.
 

 David Valera was involved in a car accident on Miami Beach, on August 4, 2004, and was insured by State Farm. Best Therapy Center (“Best Therapy”) brought this action against State Farm to recover for medical treatment that Valera allegedly received in connection with the accident. During discovery, Valera stated in a deposition that he did not receive any medical treatment from Best Therapy for the Mia
 
 *1061
 
 mi Beach accident. Best Therapy filed a motion to strike State Farm’s affirmative defense of fraud on grounds that, when granted leave to file the affirmative defense of fraud, State Farm had improperly pled the affirmative defense. The motion to strike was never set for hearing, argued or ruled upon prior to the morning of trial.
 

 On the morning of the trial, the court addressed Best Therapy’s motion to strike State Farm’s affirmative defense of fraud. The trial court granted Best Therapy’s motion and ruled that State Farm could not present any evidence of fraud because State Farm had not pled any fraudulent intent and because Best Therapy would have been prejudiced if State Farm were to have amended its pleadings on the morning of trial. The trial court reasoned that specific intent must be pled in order to present a defense of fraud, and that State Farm had not taken active steps to correct its pleadings when it was on notice that its fraud defense was insufficiently pled a year earlier when Best Therapy had originally filed its motion to strike.
 
 [1]
 

 A jury trial then proceeded. During the trial, State Farm was allowed to read Val-era’s deposition to the jury, but, pursuant to the trial court’s order in limine, State Farm was not allowed to read the part of the deposition where Valera said he did not receive medical treatment from Best Therapy for the Miami Beach accident. The part of the deposition where David Valera admitted never having received treatment for the Miami Beach accident merely was proffered to the trial judge. After all testimony was heard, the trial court dismissed the jury and granted a motion for directed verdict in favor of Best Therapy. State Farm appealed these rulings to the appellate division of the circuit court.
 

 Acting in its appellate capacity, the circuit court upheld the trial court’s striking of State Farm’s fraud defense and prohibiting the jury from hearing that Valera had not received medical treatment from Best Therapy for the Miami Beach accident. The circuit court reasoned that State Farm had waived its fraud defense, and that the trial court properly used its discretion in denying State Farm leave to amend right before trial as Best Therapy would have been prejudiced.
 

 The circuit court based its decision on the incorrect factual assumption that Val-era’s deposition was read in its entirety to the jury, when, in fact, State Farm was not allowed to read the proffered part of the deposition where David Valera testified that he did not receive any medical treatment from Best Therapy for the Miami Beach accident. The circuit court also awarded attorney’s fees to Best Therapy even though its brief had been stricken from consideration by the circuit court and it had been precluded from presenting oral argument due to the failure to timely file its answer brief or timely move for an extension of time to do so.
 

 On a petition for second tier cer-tiorari, review of a decision rendered by the appellate division of the circuit court is limited to issues raised in the circuit court appeal and cannot be granted if the circuit court came to a wrong conclusion but made its decision according to the correct form of the law and the rules prescribed for rendering it.
 
 See Custer,
 
 62 So.3d at 1092;
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 525 (Fla.1995). Instead, second tier certiorari only may be granted
 
 *1062
 
 where the circuit courts decision fails to afford procedural due process or departs from the essential requirements of the law resulting in a miscarriage of justice.
 
 Custer,
 
 62 So.3d at 1092 (citing
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 683 (Fla.2000)). A decision that is not based on any evidence is a miscarriage of justice and rises to the level of error warranting certiorari review.
 
 Dresner v. Tallahassee,
 
 164 So.2d 208, 211 (Fla.1964).
 

 It was within the trial court’s discretion to strike State Farm’s affirmative defense, and the circuit court applied the correct law in reviewing the trial court’s ruling.
 
 See Haines,
 
 658 So.2d at 525;
 
 see also Horacio O. Ferrea N. Am. Div., Inc. v. Moroso Performance Prods., Inc.,
 
 553 So.2d 336, 337 (Fla. 4th DCA 1989) (holding that trial court’s decision to permit or refuse amendment to pleadings will not be disturbed on appeal absent an abuse of discretion; “the crucial consideration in both motions to amend and to conform to the evidence is the test of prejudice”);
 
 Lasar Mfg. Co. v. Bachanov,
 
 436 So.2d 236 (Fla. 3d DCA 1983) (same). However, the circuit court’s affirmance of the trial court’s ruling prohibiting State Farm from reading Valera’s deposition in full to the jury on the incorrect basis that “the trial court did not limit State Farm’s reading of the deposition in any way” is a misstatement of the facts in the record. The trial court did, in fact, prohibit State Farm from reading that part of Valera’s deposition where he claims he was not treated by Best Therapy for the Miami Beach accident. Because the circuit court opinion was based upon the wrong record facts and the opinion’s holding is unsupported by evidence in the record on a key issue concerning the actual portion of David Val-era’s deposition excluded from consideration by the jury, the circuit court decision warrants second tier certiorari review; we grant the petition of certiorari and quash the opinion below as the decision constitutes a miscarriage of justice.
 
 Custer; see Dresner,
 
 164 So.2d at 211. The circuit court also departed from the essential requirements of law by applying incorrect law when it awarded appellate attorney’s fees to Best Therapy.
 

 Petition for writ of certiorari granted,
 
 [2]
 
 opinion quashed, remanded for further consideration.
 

 [1]
 

 . We question whether Best Therapy would have been prejudiced. Best Therapy was present when David Valera testified in deposition that he never had been treated by Best Therapy for his Miami Beach accident. Best Therapy also was put on notice in State Farm’s motion for summary judgment of State Farm's allegation of insurance fraud.
 

 [2]
 

 . As a consequence of the grant of the petition for certiorari quashing the circuit court opinion, we need not directly address the trial court's grant of a directed verdict in favor of Best Therapy. On remand, the appellate court should reconsider whether or not the trial court abused its discretion, in determining that Best Therapy would have been prejudiced by State Farm’s amendment of its pleadings to allow for a properly pled affirmative defense of fraud, in light of the fact that Best Therapy was aware of the affirmative defense since, at the very least, the time of the filing of State Farm’s motion to amend.