47 So.2d 543 (1950)
TURK, Mayor,
v.
RICHARD.
Supreme Court of Florida, Division B.
July 7, 1950.
Ben Shepard, Miami, for appellant.
R.K. Bell, Miami, for appellee.
SEBRING, Justice.
The mayor of the City of Miami Beach, Florida, who by law is a member of the City Council of the municipality, has appealed from a final decree entered in a declaratory judgment suit instituted by a fellow member to secure an interpretation of section 165.22, Florida Statutes, 1941, F.S.A., which reads, in part, as follows:
"All meetings of any city or town council or board of aldermen of any city or town in the State of Florida, shall be held open to the public of any such city or town * * *
"Any city or town councilman, or member of any board of aldermen, * * * who shall violate the provisions of this section, shall, upon conviction, be fined not more than one hundred dollars, or be imprisoned not more than two months.
"Such conviction shall immediately vacate the office held by such city or town councilman, or member of the board of aldermen * * *"
The real question in the case is, what did the legislature mean by the words "all meetings" when it enacted the statute requiring that all meetings of any city or town council should be held open to the public of any such city or town?
It is the general rule that a municipal corporation is an instrumentality of the state established for the more convenient administration of local government. Hardee v. Brown, 56 Fla. 377, 47 So. 834; Malone v. City Quincy, 66 Fla. 52, 62 So. 922, Ann.Cas. 1916D, 208; Loeb v. City of Jacksonville, 101 Fla. 429, 134 So. 205, 79 A.L.R. 459. It is possessed of certain governmental powers which it may exercise only in the manner prescribed in the law by which it is created. These powers are generally vested in a city council or other *544 such governing body chosen by the electors who act for the municipality.
The governing body of a municipality can act validly only when it sits as a joint body at an authorized meeting duly assembled pursuant to such notice as may be required by law; for the existence of the council is as a board of entity and the members of the council can do no valid act except as an integral body. As stated by one of the text-writers, "the general legal rule is that, to bind the municipality, the council or legislative body must be duly assembled and act in the mode prescribed by the law of its creation, evidenced by an order entered of record, and such act, if legislative in character, must ordinarily be by ordinance, by-law or resolution, or something equivalent thereto." McQuillin Municipal Corporation, 2d Ed., Vol. 2, Sec. 602, p. 529. See also section 165.20, Florida Statutes, 1941, F.S.A., as to the requirements that records be kept. Unless, therefore, the members of the council formally come together, in the manner required by law, for the purpose of joint discussion, decision and action with respect to municipal affairs there can be no "meeting" of this governing body, within the legally accepted sense of the term, for the individual or separate acts of a member or the unofficial agreements of all or a part of the members of the council are ineffectual and without binding force; joint, official deliberation and action as provided by law being essential to give validity to the acts of the council. See 62 C.J.S., Municipal Corporations, § 391, page 749, and cases cited; 37 Am.Jur. 669, Municipal Corporations, Sec. 54 and cases cited; McQuillin Municipal Corporations, 2d Ed., Vol. 3, Sec. 1279, p. 1134.
The rule being plain as to what is necessary to constitute a "meeting" under the law pertaining to municipal corporations, it must be assumed that when the legislature of the state enacted a statute providing that "all meetings of any city or town council * * * of any city or town * * * shall be held open to the public of any such city or town * * *" it had knowledge of the general law pertaining to municipal corporations and intended the term "all meetings" to have reference only to such formal assemblages of the council sitting as a joint deliberative body as were required or authorized by law to be held for the transaction of official municipal business; for at no other type of gathering, whether attended by all or only some of the members of the city council, could any formal action be taken or agreement be made that could officially bind the municipal corporation, or the individual members of the council, and hence such a gathering would not constitute a "meeting" of the council.
It follows that the decree appealed from should be affirmed in part and reversed in part with directions that an order be entered in conformance with this opinion.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.
CHAPMAN, Justice (concurring).
Section 165.22, F.S.A., provides that "all meetings of any city or town council or board of aldermen of any city or town of Florida, shall be held open to the public." Section 165.20 requires that a proper record be regularly kept and maintained as to the proceedings of the governing bodies of the municipalities of the State of Florida. Experience has taught those connected with or conversant with the administration of municipal affairs in Florida that the public interest, not only frequently but time and time again, is adversely affected by deliberations and discussions of governing municipal bodies open to the public. It is my view that under parliamentary procedure, all such matters affecting the public interest of the municipality should, by a special order of the city or town council or the board of aldermen, be referred to a special committee of the governing body. This Committee could hold executive meetings not open to the public, whereby the interest of the municipality and of the people generally would be promoted. Such meetings of the special committee would not fall within the inhibitions of Section 165.22, supra. I therefore agree to the opinion and judgment prepared by Mr. Justice SEBRING.