CHARLES P. DUNN Co., INC. *v.* CITY OF HARTFORD

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 92267

Memorandum filed February 7, 1955.

*Milton D. Newman,* of Hartford, for the plaintiff.

*William M. Pomerantz,* of Hartford, and *Frank A. Murphy,* assistant corporation counsel, city of Hartford, for the defendant.

ALCORN, J. The plaintiff seeks a declaratory judgment that an ordinance passed by the court of common council of the defendant city is illegal, invalid and void. Further relief is sought in the form of an injunction or other appropriate measure to restrain the defendant from enforcing the ordinance. The

defendant joined issue and the parties have submitted the case for decision upon an agreed statement of facts. No evidence was offered or heard.

Upon an examination of the file it appears that the ordinance objected to purported to change the established building line on land belonging to one Yellin on the east side of Main Street in Hartford from twenty-five feet to ten feet. This land adjoins the south side of plaintiff's land. Yellin is not a party to the action. The building line on other properties within the block was not changed.

Every presumption must be made in favor of the validity of the ordinance unless it plainly appears that its terms are not reasonable or that its provisions are not rationally adapted to the promotion of public health, safety, convenience or welfare. *Young* v. *West Hartford,* 111 Conn. 27, 31; *Murphy, Inc.* v. *Westport,* 131 Conn. 292, 302; *Windsor* v. *Whitney,* 95 Conn. 357, 364. The agreed statement of facts gives the court no basis for concluding that the ordinance is invalid. The absence of essential elements is best illustrated by the recital in the plaintiff's brief of numerous facts which are claimed to bear on the problem but which are totally lacking in the agreed statement.

The individual primarily concerned with the building line in issue is Yellin, the owner of the property involved. It is an indispensable requisite of an action for a declaratory judgment that all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof. Practice Book § 277 (d); *Fisher* v. *Kallenbach,* 135 Conn. 147, 149; *Brennan* v. *Russell,* 133 Conn. 442, 445. This requirement has not been met in these proceedings.

Enter judgment dismissing the complaint.