231 So.2d 847 (1970)
CITY OF MIAMI BEACH, a Florida Municipal Corporation and Political Subdivision of the State of Florida, et al., Appellants,
v.
Hendrik J. BERNS, Roger M. Swift and Gerry Levin, Appellees.
No. 69-564.
District Court of Appeal of Florida, Third District.
February 24, 1970.
Joseph Wanick, City Atty., and Ira M. Elegant, Asst. City Atty., Sam Daniels, Miami, for appellants.
Daniel Neal Heller, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
CARROLL, Judge.
As suit of the appellees, citizens of the State of Florida, the circuit court enjoined *848 the defendants, the City of Miami Beach, the mayor and members of the city council from holding meetings of the city council other than in public as required under § 286.011, Fla. Stat., F.S.A. (Chapter 67-356, § 1, Laws of Florida 1967) called Government in Sunshine Law.[1] The court also restrained the city from prosecuting the plaintiff Gerry Levin for the offense of disorderly conduct with which he had been charged upon his refusal to leave a closed or executive session meeting of the city council. The defendant city and councilmen Powell, Ciment, Englander, Seiderman and Weinstein appealed.
Appellants argue that the provisions of the 1967 act relating to public meetings of boards or commissions § 286.011 Fla. Stat., F.S.A.) were not intended to and do not cover or include boards constituting the governing bodies of municipal corporations. Appellants argue further that if the 1967 act is held to expressly relate to the governing bodies of municipal corporations, then its provisions are ineffective as to municipal corporations due to the existence of § 165.22 Fla. Stat., F.S.A. (Chapter 5463 §§ 1-3, Laws of Florida, 1905),[2] which appellants contend controls because it deals specifically and only with municipal corporations, whereas the recent 1967 act concerns meeting of boards of agencies of the state and of counties as well as of municipalities, and because the 1967 act did not repeal the 1905 act expressly or by implication. We find those arguments unconvincing.
Appellants' contention that meetings of boards constituting the governing bodies of municipal corporations are not within the scope of § 286.011 Fla. Stat., F.S.A., is refuted by the language of the statute, which clearly extends its provisions thereto. See footnote 1. The 1905 act, as determined by the Supreme Court in Turk v. Richard, Fla. 1950, 47 So.2d 543, required formal quorum meetings of the governing bodies or councils of municipal corporations to be public, but did not so provide for or require as to informal or executive session meetings thereof. However, the 1905 act contained no language expressly authorizing non-formal meetings to be held in private.
Shortly after the appeal was filed in this case, the Supreme Court of Florida, in the case of Board of Public Instruction of *849 Broward County v. Doran, Fla. 1969, 224 So.2d 693, affirmed an injunction judgment, substantially similar to the one in this case, which had been rendered against the Broward county school board. Therein the Supreme Court held that the 1967 act contained language not present in the 1905 act which showed legislative intent for the requirement for meetings of boards as therein described and listed to be public to apply not only to formal quorum meetings thereof but also to informal preliminary meetings of all or part of the members of such boards dealing with matters as to which it was foreseeable that action would be taken by the board.
In this connection, in the Doran case, the Supreme Court said (224 So.2d at 698):
"Under the decision in Turk v. Richard, supra, it would have been unnecessary to include a provision declaring certain meetings as `public meetings' if the intent of the Legislature had been to include only formal assemblages for the transaction of official business. The obvious intent was to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board."
In view of that difference in the two acts, as they have been interpreted by the Supreme Court, we find no merit in the appellants' contention that the 1905 act was not repealed by the 1967 act and therefore that the earlier act should apply to and control meetings of the city council or of its members. This is so because the 1967 act paralleled the 1905 act so far as the latter went, and in the respect in which the 1967 act goes further and requires non-formal meetings to be public it presents new matter not contained in the 1905 act. Since the 1967 act did not conflict with the earlier one, there was no reason for repeal of the latter.
The public policy which is represented and served by the requirement of the 1967 Sunshine Law for all such meetings of boards or the members thereof to be public, was referred to and fully set forth in the Doran case.[3] However, the appellants insist that in order for the city to avoid disadvantage in the conduct of its business, there should be exceptions to the public meetings requirement which would permit the city council of Miami Beach or members thereof to hold secret or executive session meetings for consideration of city business of certain kinds preliminary to formal meetings thereon, namely, proposed proceedings in eminent domain, personnel matters, and as to any litigation when pending.[4] The 1967 act did not except those or any other such matters from the requirement that meetings covered by the act should be public. The wisdom or unwisdom *850 of the legislation in that respect is not a concern of the courts, and in the Doran case the Supreme Court so stated, and announced its disapproval of certain language in the injunction entered by the trial court in that case which appeared to create an exception which would permit certain matters of business of the board to be considered at preliminary or non-formal meetings in secret. Reversing the judgment in part to that extent in the Doran case, the Supreme Court amended the wording of the injunction to eliminate the language which would have permitted such exception or exceptions.
Accordingly, we affirm the judgment,[5] for the reasons stated and on authority of Board of Public Instruction of Broward County v. Doran, supra.
Affirmed.
NOTES
[1] "Public meetings and records; public inspection; penalties. 

"(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting.
"(2) The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded and such records shall be open to public inspection. The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizens of this state.
"(3) Any person who is a member of a board or commission or of any state agency or authority of any county, municipal corporation or any political subdivision who violates the provisions of this section by attending a meeting not held in accordance with the provisions hereof is guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars ($500.00), or by imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment." [Italics added.]
[2] That earlier Act, which required meetings of the councils or boards of aldermen of cities and towns to be held open to the public and the records thereof open to inspection, was held in Turk v. Richard, Fla. 1950, 47 So.2d 543, to apply only to "formal assemblages of the council sitting as a joint deliberative body as were required or authorized by law to be held for the transaction of official municipal business," and not to other types of gatherings or meetings of all or some of the members of the city council.
[3] "The right of the public to be present and to be heard during all phases of enactments by boards and commissions is a source of strength in our country. During past years tendencies toward secrecy in public affairs have been the subject of extensive criticism. Terms such as managed news, secret meetings, closed records, executive sessions, and study sessions have become synonymous with `hanky panky' in the minds of public-spirited citizens. One purpose of the Sunshine Law was to maintain the faith of the public in governmental agencies. Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made.

"Statutes enacted for the public benefit should be interpreted most favorably to the public. * * *"
[4] A similar contention when raised in the Doran case was rejected by the Supreme Court, with reference whereto the Court said: "The crux of defendant's complaint is the fact that an injunction was issued and certain meetings will have to be made public. Apparently the defendant understands the injunction and what it encompasses, but complains in its brief because certain matters can no longer be discussed by the board in private. His causes of complaint, if deserving, are matters for the Legislature, not the courts."
[5] Regarding the matter to be one of great public interest, we are certifying our decision thereon to the Supreme Court, as provided for in Art. V, section 4(2), Fla. Const., F.S.A., for review thereof on certiorari if petitioned for.