238 So.2d 466 (1970)
Norma D. SHAUGHNESSY, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 69-958.
District Court of Appeal of Florida, Third District.
August 11, 1970.
Rehearing Denied September 3, 1970.
*467 Horton & Schwartz, Miami, and Robert W. Shaughnessy, Perrine, for appellant.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellee.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
The appellant seeks review of an order of the circuit court denying her petition for writ of certiorari, whereby she sought review of an order of the appellee granting an unusual or special use on certain property adjoining land owned by her.
One Robert J. Lewis owns ten acres of land adjoining twenty acres owned by the appellant. Lewis filed an application for an unusual use for the purpose of constructing a water and sewage utility plant to service the adjacent land. The proposed unusual use was recommended for approval by the Building and Zoning Department, subject to approval by the Pollution Control Department, the Department of Health, and the Dade County Water and Sewer Board. The Pollution and Control Department recommended against the plant. However, the matter went before the Zoning Appeals Board which, after notice and hearing, deadlocked at a 2 to 2 vote to deny the application, at which time the matter was set over to be voted upon on October 9, 1969 without further notice or public hearing.[1] On October 9, 1969, in open hearing, the Board approved the unusual use application by a vote of 2 to 0, the balance of the quorum abstaining in accordance with the applicable rules of the Board.[2] On appeal, the Dade County Commission affirmed the Zoning Appeals Board.[3] Thereafter, the appellant petitioned the circuit court for a writ of certiorari seeking review of the Commission's order. The circuit court entered the order appealed herein, denying the petition for writ of certiorari *468 and dismissing the cause with prejudice.
Upon appeal, the appellant contends the trial court erred in the following particulars: (1) That the Zoning Appeals Board failed to abide by the provisions of § 286.011, Fla. Stat., F.S.A., in that it failed to give the required public notice of the meeting held on October 9, 1969. (2) That the appellant was not afforded due process by the Zoning Appeals Board by virtue of its failure to advertise notice of the second hearing, and by irregular vote of the Board. (3) That the actions of the Zoning Appeals Board and the Dade County Commission are not fairly debatable and are not supported by substantial, competent evidence; thus they should be reversed.
As to the first contention, as pointed out by footnote [1], the Board was entitled to continue its public hearing of September without further notice. This is in accordance with the general authorities. Moskovitz v. City of St. Paul, 218 Minn. 543, 16 N.W.2d 745; Boynton Cab Co. v. Giese, 237 Wis. 237, 296 N.W. 630; 2 Am.Jur.2d, Administrative Law, § 362. As to the "sunshine law" [§ 286.011, Fla. Stat.], all official action of the Board as it appears from this record was taken in open public meeting and this did not violate either the provisions of the statute or the decisions of the several appellate courts construing same. Compare Times Publishing Company v. Williams, Fla.App. 1969, 222 So.2d 470; Board of Public Instruction of Broward County v. Doran, Fla. 1969, 224 So.2d 693; Canney v. Board of Public Instruction of Alachua County, Fla.App. 1970, 231 So.2d 34; City of Miami Beach v. Berns, Fla.App. 1970, 231 So.2d 847. Therefore, we find no merit in this point.
Considering the second error urged by the appellant [the failure to give notice and irregular vote], this contention has been answered adversely by the authorities cited above in disposing of the first point raised on appeal. As to the latter part of this second alleged error, it is true that less than a majority of the Board voted to approve the unusual or special use; but the requirement of the rules of the Board is that a majority of the Board constitutes a quorum.[4] And, in order to take an affirmative action, it is necessary only that a majority of those present and voting concur in the action.[5] We conclude that with a quorum present there was at least a majority of those voting approving the unusual or special use. Members of a board abstaining from voting are counted for purposes of a quorum [Rushville Gas Co. v. Rushville, 121 Ind. 206, 23 N.E. 72; State ex rel. Drummond v. Dillon, 125 Ind. 65, 25 N.E. 136; Anno., 43 A.L.R.2d 698, p. 723, § 9; Roberts Rules of Order Revised, § 64, p. 257], although they may not necessarily be counted in determining whether an issue has been accorded a sufficient vote to constitute the action of a board. Rushville Gas Co. v. Rushville, supra; Anno., 43 A.L.R.2d 698, p. 723, § 9; Roberts Rules of Order Revised, § 46, p. 191; Compare State ex rel. Miller v. Marshall, 135 Fla. 214, 184 So. 870. Therefore, we find no merit in this contention.
As to the third and final point, the burden is on an appellant to make it appear from the record that there is no substantial, competent evidence to support the granting of the unusual or special use. On certiorari review, the trial court was required to deny the writ of certiorari where the matter was fairly debatable. Metropolitan Dade County v. Kanter, Fla.App. 1967, 200 So.2d 624; Town of North Redington *469 Beach v. Williams, Fla.App. 1969, 220 So.2d 22. Examining the record in light of these principles, we find competent, substantial evidence that the granting of the unusual or special use was at least fairly debatable and, therefore, the trial court correctly refused to disturb the action of the County authorities. Edelstein v. Dade County, Fla. App. 1965, 171 So.2d 611; Smith v. City of Miami Beach, Fla.App. 1968, 213 So.2d 281; City of St. Petersburg v. Aiken, Fla. 1968, 217 So.2d 315; Metropolitan Dade County v. Greenlee, Fla.App. 1969, 224 So.2d 781.
We further note that there is a serious question as to whether or not the appellant should have been entitled to maintain the action in the trial court and in this court, when she has failed to join the recipient of the unusual or special use permit. It has been held in other jurisdictions that such a recipient [the owner of the land benefiting from the unusual or special use] is an indispensable party. Charles P. Dunn Co., Inc. v. City of Hartford, 19 Conn. Supp. 291, 111 A.2d 813; Molton v. Zoning Board of Appeals of the City of Hammond, 136 Ind. App. 607, 190 N.E.2d 199; Terner v. City of Peekskill, S.Ct.N.Y.Misc. 1953, 124 N.Y.S.2d 24. It has been held in this State that the question of indispensable party may be raised at any point in the proceedings. Rawls v. Tallahassee Hotel Company, 43 Fla. 288, 31 So. 237; Headley v. Lasseter, Fla.App. 1962, 147 So.2d 154; State ex rel. Investment Corporation of South Florida v. Board of Business Regulation, Fla. 1969, 227 So.2d 674. It is conceded that the recipient was not joined in this case and, although it is not necessary to a determination of this cause, we are inclined to the view that the matter should not have been disposed of without the recipient being in the litigation; because if the appellant were successful in the trial court or in this court the effect of such a result would be to deprive one [not a party to these proceedings] of a special privilege or use of his property without an opportunity to be present and to be heard.
Therefore, for the reasons above stated, we affirm the action of the trial court.
Affirmed.
NOTES
[1] 2 Am.Jur.2d, Administrative Law, § 362.
[2] Metropolitan Dade County Zoning Appeals Board Rules and Regulations for Conduct of Affairs.

10. Rules of Debate:
* * * * *
"When a vote is taken by roll call, there shall be no discussion by any member voting, and he shall vote yes or no. Any member, upon voting, may give a brief statement to explain his vote. A member of the Board may abstain from voting on any matter. Any member who has a special financial interest, direct or indirect, in any matter pending before the Board, shall make that interest known and shall abstain from participation therein in any manner. Any member who abstains from voting on any subject shall make his reasons known, such reasons to be recorded in the official minutes of the Board."
* * * * *
[3] Code of Metropolitan Dade County, § 33-308.

* * * * *
"* * * No action shall be taken on any application unless a quorum of five (5) members is present, and only upon a majority vote of all members present and voting; provided, if the written recommendations of the building and zoning and the planning departments, which are transmitted to the zoing appeals board pursuant to section 33-310 hereof, agree that the application or any portion thereof should be denied, a favorable vote of three-fourths of the members present and voting shall be required to approve the application or that portion thereof so recommended for denial. * * *"
* * * * *
[4] Metropolitan Dade County Zoning Appeals Board Rules and Regulations for Conduct of Affairs.

* * * * *
"9. QUORUM: A majority of the whole number of the members of the Board shall constitute a quorum. No resolution or motion shall be adopted by the Board without the affirmative vote of the majority of all the members present and voting, * * *"
* * * * *
[5] See footnotes [3] and [4], supra.