QUESTION: Does the fact that three of the five members of the Board of Directors of the Downtown Development Authority of the City of Fort Lauderdale are personally interested in a question coming before the board prevent the existence of a quorum of the board so that the two disinterested members may not conduct business?
SUMMARY: Under Florida law, although a member of the Downtown Development Authority of the City of Fort Lauderdale may abstain from voting on a question in which he is personally interested, he is not disqualified and thus may be counted for purposes of computing a quorum for a vote on that question. Once a quorum is present, a majority of those members actually voting is sufficient to decide the question. Although s. 5 of Ch. 69-1056, Laws of Florida, establishing the Downtown Development Authority of the City of Fort Lauderdale, provides that the Board of Directors of the authority "shall adopt and promulgate rules governing its procedures . . . ," I am informed that the board has not done so. Thus, in the absence of any other applicable constitutional or statutory provision pertaining to the proceedings of the board, the following general comments seem applicable. As a general rule, members of a legislative body who are present though not voting may be counted in determining whether a quorum of the body is present. See McQuillin Municipal Corporations s. 13.27b, p. 510; Robert's Rules of Order s. 64, p. 257; Sturgis Standard Code of Parliamentary Procedure (1950) Ch. 3, p. 16; see also Robert's, supra, s. 64, p. 257-258, defining the term "quorum" as the number of members necessary to legally transact business and stating that, in the absence of a provision of law (or of the body's constitution or bylaws) which provides otherwise, the quorum of a body having a definite and fixed membership is a majority of the members. Moreover, although a different rule has been applied in other jurisdictions, see 67 C.J.S. Parliamentary Law s. 5, p. 872; 59 Am. Jur.2d Parliamentary Law s. 6, p. 323, it appears to be the law in this state that even members of a body who have an interest in a matter coming before them may be counted in determining whether a quorum is present. This is so because such members are not disqualified from voting thereon. See s. 286.012, F.S., as amended by Ch. 75-208, Laws of Florida (effective October 1, 1975), requiring, in effect, that members of a legislative body vote on matters coming before them unless they have a conflict of interest; and s. 112.3141, F.S. (1974 Supp.), transferred in amended form to s. 112.3143, F.S. 1975, providing that public officers shall not be prohibited from voting in their official capacities on any matter (but requiring disclosure of conflicting personal interest); CEO 74- 13. Applying the foregoing to the instant inquiry, therefore, the fact that certain members of the Board of Directors of the Downtown Development Authority of the City of Fort Lauderdale may be personally interested in a question which comes before the board does not disqualify them from voting and, thus, does not affect the existence of a quorum of the board. (For the purposes of this opinion, it is assumed that the matter in which the members are personally interested does not come within the proscriptions of ss. 839.07-839.10, F.S.) With respect to the number of votes necessary to decide a matter once the quorum of a body is present, it is a general rule that, in the absence of a contrary provision of law (or of the body's constitution or bylaws), a question may be passed by the affirmative vote of a majority of those members who are actually voting. As stated in Shaughnessy v. Metropolitan Dade County, 238 So.2d 466, 468 (3 D.C.A. Fla., 1970), . . . in order to take an affirmative action, it is necessary only that a majority of those present and voting concur in the action. We conclude that with a quorum present there was at least a majority of those voting approving the unusual or special use. Members of a board abstaining from voting are counted for purposes of a quorum [citations omitted], although they may not necessarily be counted in determining whether an issue has been accorded a sufficient vote to constitute the action of a board. See also Robert's, supra, s. 46, p. 191; Anno., 43 A.L.R.2d 698, p. 723, s. 9. Finally, in reaching the foregoing conclusions, I am aware of s. 13 of Ch. 69-1056, Laws of Florida, the enabling act of the Downtown Development Authority, providing in pertinent part that: "No Board member nor employee of the Board shall vote or otherwise participate in any matter in which he has a financial interest, direct or indirect." I am also aware of the long-established rule of statutory construction stated in American Bakeries Co. v. Haines City, 180 So. 524, 532 (Fla. 1938), that: The intent of a general statute to repeal or supersede a special statute relating to a particular [political entity] will not be implied unless the repugnancy between their provisions is so irreconcilable that no reasonable field of operation for either can be found without trenching on the ground covered by the other, or when the manifest intention of the later enactment is to revise the whole matter covered by disconnected and special enactments, to furnish a substitute for all, and to introduce a new and exclusive rule upon the subject. However, I am of the opinion that, for the purposes of your question, s. 13 of Ch. 69-1056, supra, is irreconcilably repugnant to s. 112.3141, F.S. (1974 Supp.), quoted supra, which provides that "[n]o public officer shall be prohibited from voting in his official capacity on any matter." There appears to be no reasonable interpretation which would allow both of these applicable sections to operate in this instance "without trenching on the ground covered by the other." Thus, until legislatively or judicially determined to the contrary and within the context of your particular inquiry, s. 112.3141 should be viewed as superseding, in effect, s. 13 of Ch. 69- 1056. Your question is answered in the negative.