David Bludworth State Attorney West Palm Beach
QUESTIONS:
1. May a municipal governing body expend municipal funds to support a bond issue for acquisition and development of parks and recreation areas within the city?
2. Does such an appropriation and expenditure of municipal funds require the municipal governing body to register as a political committee?
SUMMARY:
Municipal funds may be appropriated and expended to support a bond issue to raise funds to acquire and develop parks and recreational areas within the municipality since this is an issue which affects and is of interest to the citizens of the municipality. Neither the municipality nor the municipal governing body acting in its official capacity is a `political committee' within the purview of Ch. 106, F. S. 1977.
AS TO QUESTION 1:
Pursuant to s. 2(b), Art. VIII, State Const., municipalities are authorized to `exercise any power for municipal purposes except as otherwise provided by law.' Section 166.021(1), F. S., states that a municipality may exercise any power for municipal purposes `except when expressly prohibited by law.'
My research discloses no statutory provision which precludes a municipality from appropriating and expending funds in the manner contemplated by your letter. Cf. s. 11.062, F. S., which sets forth a general state policy of prohibiting the use of state funds for lobbying purposes. Moreover, as I noted in AGO 074-113, the question of whether such an expenditure is valid as a public municipal purpose is ultimately one for judicial determination, although the legislative determination will be given due weight. Attorney General Opinion 074-113 involved a substantially identical question, and in that opinion I concluded that a municipality may expend municipal funds to purchase newspaper advertisements in support of, or in opposition to, the repeal of a county utilities tax which affects and involves the interests of the municipality and its citizens. See also AGO 074-227, in which I opined that municipal funds may be used to support or oppose the question of the annexation of territory to the municipality as this is a matter that affects the interests of the municipality and its citizens. Compare AGO's 072-320 and 077-8, concluding,inter alia, that under Florida law public funds may not be expended by a county or district or other statutory entity for lobbying purposes or to `propagandize' actions taken by the public body unless expressly and specifically authorized by law.
Accordingly, since the proposed bond issue seems to `affect and involve the interests of the municipality,' and in light of the foregoing Attorney General Opinions, I am of the view that your first question must be answered in the affirmative.
AS TO QUESTION 2:
Section 106.011(1), F. S. 1977, defines the term `political committee' to mean:
 . . . a combination of two or more individuals, or a person other than an individual, the primary or incidental purpose of which is to support or oppose any candidate, issue, or political party and which accepts contributions or makes expenditures during a calendar year in an aggregate amount in excess of $100.
In AGO 074-113, I concluded that a municipal corporation was not included in the definition of `political committee' found at former s. 106.011(2), F. S. 1973. This conclusion was based upon the general rule noted in AGO 071-75:
 . . . ordinarily, the state and its agencies are not considered as within the purview of a statute unless intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication. See 82 C.J.S. Statutes, s. 317, p. 554.
See also State v. Peninsular Telephone Co., 75 So. 201 (Fla. 1917), and City of St. Petersburg v. Charter, 39 So.2d 804 (Fla. 1949), holding that a municipal corporation was not a `person' or a `corporation' within the meaning of the statutes there under construction. Accord: Attorney General Opinion 074-227. I have examined the provisions of Ch. 106, as amended by Ch. 77-175, effective January 1, 1978, and the Legislature has not amended either the definition of `political committee' or `person' to include a municipal corporation within the purview of that chapter. Accordingly, I am of the view that your second question should be answered in the negative.
In reaching the foregoing conclusion, I have not overlooked an advisory opinion of the Division of Elections, DE 77-24, dated October 27, 1977, in which the Director of the Division of Elections opined:
 If City Commissioners, or any other individuals, collectively expend the statutory sum `to support an issue on the ballot,' they would be encompassed by the category of Political Committee. The source of the contribution — defined as `anything of value' — is immaterial. That is, individuals acting in concert would qualify as a political committee, under these circumstances, whether they expend their own funds or monies contributed to them or general revenues of a corporation or municipality.
It is well established, however, that the actions of a municipal governing body are not considered to be separate actions of individual municipal officers. See Turk v. Richard, 47 So.2d 543
(Fla. 1950), holding that individual or separate acts of a member or the official agreements of a part of the members of the city council are ineffectual and without binding force; joint official deliberation and action as provided by law are essential to give validity to the acts of such a body. See also Beck v. Littlefield,68 So.2d 889 (Fla. 1953). The governing body of the municipality is vested with all corporate powers of the municipality and is chosen by the electors to act for the municipality. 23 Fla. Jur.Municipal Corporations s. 49, p. 73. Therefore, the members of a city council, when voting in their official capacities as municipal officers to appropriate and expend municipal funds for municipal purposes cannot be deemed to be `individuals' or `a person' within the purview or for the purposes of the definition of `political committee' found at s. 106.011(1), F. S. 1977. Accordingly, in light of the statutory duty imposed upon the Attorney General to give legal advice whenever requested to do so by a state attorney (see s. 16.08, F. S.), and in further consideration of your request for `direction' in this matter from this office, I must advise that, in the context of your questions, reliance on DE 77-24 would be misplaced. Thus, as has been previously stated, your second question is answered in the negative.
Prepared by: Patricia R. Gleason, Assistant Attorney General