Ms. Margaret M. Gentle Mayor, City of North Port
QUESTION:
Are the Mayor and Commissioners of the City of North Port, in their capacity as city departmental heads, subject to the Government in the Sunshine Law when they meet to discuss and coordinate `administrative and operational' matters for which action by or vote of the governing body of the city is not required or contemplated in the future?
SUMMARY:
Meetings between the mayor and commissioners of the City of North Port, held by these officers solely in their capacity as departmental heads, and merely for the purpose of coordinating administrative and operational matters between executive departments of city government for which a vote or other formal action by the governing body is neither required nor contemplated in the future, are not subject to the Government in the Sunshine Law, but matters which normally come before, or should be brought before, the commission for discussion or action must not be brought up at such meetings.
Your inquiry states that the Charter of the City of North Port, Florida (ch. 59-1617, Laws of Florida) provides for a `mayor/commission-manager' form of government. See s. 3, ch. 59-1617. Your letter also states that the city does not as yet have a city manager and that accordingly, the mayor carries the administrative and fiscal responsibilities of that position, while the commissioners are designated as departmental heads of the city's 4 major `operational' departments.
Additionally, you specifically state that, in their capacity as departmental heads, the mayor and commissioners have occasional need to meet, discuss and coordinate `administrative and operational matters' — matters for which a vote or other formal action by the governing body is neither required nor contemplated in the future. Thus, you inquire whether such meetings held merely for coordination between executive departments of city government are subject to the Government in the Sunshine Law.
Section 286.011(1), F.S., provides in pertinent part:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
And, s. 12 of the City Charter of North Port provides in pertinent part:
 . . . All meetings of the city commission and of the committees thereof, shall be public, and any citizen shall have access to the minutes and records thereof, at all reasonable times. (Emphasis supplied.)
(Section 6, ch. 59-1617, supra, vests in the commission all powers of the city, except as otherwise provided in the city charter. Section 21 of the charter vests the executive and administrative powers of the city in the city attorney and in several designated departments.)
The courts have interpreted the Government in the Sunshine Law as reaching all stages of the decision-making process and have refused to apply it only to formal board meetings. See Open Government Laws Manual, 1980 Annual Report of the Attorney General, pp. 13-14. Thus, the law is applicable to any gathering where 2 or more members deal with some topic on which `foreseeableaction' will be taken by the board. `Foreseeable action' refers to matters on which it is foreseeable that action will be taken by a governing body subject to the Sunshine Law. Id., citing Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 at 698 (Fla. 1969).
In regard to the mayor's status under the Sunshine Law, s. 10, of the Charter of the City of North Port, ch. 59-1617, Laws of Florida, expressly provides:
 The mayor shall preside at all meetings of the commission, and shall perform such other duties consistent with his office as may be imposed by it, and he shall have a vote in the proceedings of the commission. . . . . (Emphasis supplied.)
Thus, by the express terms of s. 10 of your city charter, the mayor is the presiding officer at all commission meetings and has a vote in its proceedings. In an informal opinion dated December 13, 1973, this office stated that the Sunshine Law is applicable to meetings between a mayor and one or more councilment held for the purpose of discussing matters to be brought up at a later public meeting, if the mayor is also a member of the council orhas a voice in decisions. See also 075-210 (discussed infra). Therefore, in view of your mayor's voting and decision-making powers, it is my opinion that he should be regarded as a `member' for s. 286.011 purposes.
Since your letter unequivocally states that the above-described meetings are merely held to coordinate functions of executive departments, and that no matters for which a vote is required or contemplated in the future will be discussed, it does not appear that `foreseeable action' will be discussed at these meetings. Thus, it is my opinion that the Sunshine Law does not apply to such meetings. Cf. the result in AGO 075-210 (concluding that a member of a city council (a mayor deemed a member since he had a voice in decision-making) was subject to s. 286.011 when discussing matters which could come before the entire board, yet also concluding that such a member may discuss matters with city councilmen which concern his administrative functions and which would not come before the council for consideration and further action). However, I would caution that only those matters which are purely administrative should be discussed at such meetings; matters that normally come before the commission for discussion or action, or that should come before the commission for discussion or action, must not be discussed. Moreover, there is a possibility that matters properly reserved for action by the commission might be brought up inadvertently at such meetings. Additionally, such secret meetings or discussions between members of a collegial body, such as your city commission, invite public suspicion since no member of the public is present. Accordingly, I must strongly advise against holding such discussions or meetings.
Your letter also refers to a decision of an out of state court, City Commission of Piqua v. Piqua Daily Call, 412 N.E. 1331 (Ohio App. Miami County 1979), in which the court held that the scheduling of meetings of a city commission, including a decision to meet in executive or nonpublic sessions, is, in a home rule city, an attribute of local self-government and that therefore, a state sunshine statute is not applicable to charter cities. Thus, you inquire whether a similar rule applies in Florida.
Section 286.011, F.S., expressly provides that `[a]ll meetings of any board or commission of . . . any agency or authority of any . . . municipal corporation . . . at which official acts are to be taken' are to be `public meetings open to the public at all times.' (Emphasis supplied.) One of the earliest judicial decisions construing the Sunshine Law, City of Miami Beach v. Berns, 231 So.2d 847 (3 D.C.A. Fla., 1970), affirmed, 245 So.2d 38
(Fla. 1971), held that s. 286.011 is applicable to governing bodies of municipal corporations. I am not aware of any decision subsequent to Berns that reaches a contrary conclusion. Rather, decisional law following the 1973 adoption of the Municipal Home Rule Powers Act seems to reaffirm that municipal corporations in Florida are subject to the requirements quirements of the Sunshine Law. See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974); Krause v. Reno, 366 So.2d 1244 (3 D.C.A. Fla., 1979). Moreover, a judicial decision by an out of state court is in this instance not binding or persuasive in Florida. The interpretations of s. 286.011, F.S., by the Florida courts control the activities of Florida municipalities and are binding upon them. Arguendo, even if s. 286.011 as construed by the Florida courts were not applicable to meetings of your city commission, s. 12 of your city charter requires that all meetings of the city commission and of the committees thereof be open to the public. In any event, until such time as the Florida courts-determine otherwise, I am compelled to conclude that charter cities in Florida are subject to the Government in the Sunshine Law.
Prepared by: Anne Curtis Terry, Assistant Attorney General