Kirby Smith, III, Chairman Capitol Zoning District Commission Suite 109, 1515 West Seventh Street Little Rock, Arkansas 72202
Dear Mr. Smith:
This is in response to your request for an opinion regarding a particular vote of the Capitol Zoning District Commission ("Commission" or "CZDC") on a conditional use request. According to the facts outlined, two members of the Commission abstained, two voted in the affirmative and one voted in the negative.
You have asked specifically whether Article V, Section F(4)(c), a Special Rule of Procedure of the CZDC, applies to such a situation. This rule provides that "[i]n situations where the Commission is required to take action on an application and the entire membership is not present, the following shall apply: (1) if the application receives less than three [3] affirmative votes but a majority of votes cast, it shall be automatically deferred to the next regular meeting."
The issues to be resolved, then, may be stated as follows:
 (1) Does Article V, Section F(4)(c) apply if the entire membership is physically present but one or more members do not participate?
 (2) If Article V, Section F(4)(c) does not apply, what is the effect of the two to one vote?
It appears that F(4)(c) only applies if the Commission members are physically absent. The provision, then, would not apply if members are physically abstain from voting. Abstention and absence of a voter are not equivalent. See Am.Jur.2d Parliamentary Law 12 (1987). Members of a board abstaining are counted for purposes of a quorum, while absent members are not included. Shaughnessy v. Metropolitan Dade County, 238 So.2d 466
(Fla.Dist.Ct.App. 1970). American Jurisprudence further states that "the exercise of lawmaking power is not stopped by the abstention of some who are present. If members present desire to defeat a measure they must vote against it; inaction will not accomplish their purpose. Their silence is acquiescence, rather than opposition." 59 Am.Jur.2d Parliamentary Law 12 (1987) (Footnotes omitted).
Article V, Section F(4)(c) clearly states that it applies when "the entire membership is not present." (Emphasis added.) Since absence and abstention are not treated alike, and because the provision is clear on its face, the provision cannot be deemed to encompass those members who are present but choose not to vote. Therefore, Section F(4)(c) is not applicable in this situation.
What, then, is the effect of the two to one vote if F(4)(c) does not apply? Section F(3) of the CZDC by-laws provides that "except as may otherwise be set forth in these by-laws, parliamentary procedures shall be as prescribed in the latest edition of Robert's Rules of Order Art. VI, 38 (1973). Further, the general common law rule is that a proposition is carried by a majority of the legal votes cast. See F.T.C. v. Flotill Products, Inc.,389 U.S. 179 (1967); Equity Investors, Inc. v. Amvest [Ammest] Group, Inc., 1 Kan. App. 2d 276, 563 P.2d 531 (1977).
If has been held that where a legal quorum is present, a proposition is carried by a majority of legal votes cast even though some members refuse to vote. McCormick v. Board of Education, 58 N.M. 648, 274 P.2d 299 (1954); Shaughnessy v. Metropolitan Dade County, 238 So.2d 466 (Fla. Dis. Ct. App. 1970). In Shaughnessy, supra, the court specifically held that while less than a majority of the Zoning Appeals Board voted to approve application for a use, the action was not invalid where, with a quorum present, at least a majority of those voting approved the application. Another court has held that a resolution may be legally adopted by a vote of three of six members of a city council where the other three are present but refuse to vote, as the vote of the majority of the quorum present is effective. See Rushville Gas Co. v. Rushville, 121 Ind. 206,23 N.E. 72 (1889). Arkansas courts have also ruled that a majority of a quorum is empowered to act for the body. See Mad Butcher, Inc. v. Parker, 4 Ark. App. 124, 628 S.W.2d 582 (1982); Benton County Taxpayer's Ass'n v. Bolain, 252 Ark. 472, 479 S.W.2d 566
(1972).
Thus, Robert's Rules of Order and the applicable case law compel the conclusion that, absent any contrary provision, a majority of those members voting is sufficient to approve a motion where a quorum is present. It therefore appears that the two-to-one vote of the CZDC was sufficient to pass the conditional use request.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.