The Honorable Bill Clinton Governor of Arkansas State Capitol Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request for an opinion regarding the filling of vacancies on the Town Council of an incorporated town. You have posed a situation in which three (3) of the five (5) aldermen resign, and you have inquired as to the procedures to be following in filling these vacancies. You have asked, specifically, whether the remaining two (2) aldermen constitute a quorum for the purpose of filling vacancies and whether you have authority to make those appointments pursuant to Article 6, Section 23 of the Arkansas Constitution.
As noted in your request, Ark. Stat. Ann. 19-1201 (Cum. Supp. 1985) provides that "[a] majority of the whole number of aldermen shall constitute a quorum for the transaction of business." You also note that members of the Council have authority to fill vacancies pursuant to Ark. Stat. Ann. 19-1206 (Repl. 1980).
Ark. Stat. Ann. 19-905.1 (Cum. Supp. 1985) must, however, also be considered in this regard. This provision deals specifically with the method of filling vacancies in municipal offices. It states in pertinent part as follows:
 Vacancies in municipal office [offices] which are authorized by State law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of said governing body; provided, however, there must always be a majority of a quorum of the whole number of the governing body to fill such vacancy.
It is clear that the "remaining members" of a governing body may act to fill vacancies pursuant to 19-905.1. The reference to the requisite "majority of a quorum of the whole number of the governing body" must, however, also be addressed. The question arises whether a majority vote of the two (2) remaining aldermen in this instance satisfies this requirement. The answer would appear to turn upon what constitutes a "quorum of the whole number of the governing body."
A conflict emerges in decisions addressing the issue of whether vacancies in a body having a definite number of members are to be included in computing a quorum. See Am.Jur.2d Parliamentary Law 8; 67A C.J.S. Parliamentary Law 6(b). If so, the two (2) remaining aldermen may, by a majority vote, fill these vacancies since they are a quorum of the remaining council. Otherwise, it must be concluded that they cannot act since two (2) is not a majority of five (5).
The language of Ark. Stat. Ann. 19-1201 and 19-905.1 (Cum. Supp. 1985), viewed together, offers significant guidance in this regard. The reference to "[a] majority of the whole number of aldermen" (emphasis added) in 19-1201 is ambiguous since the "whole number of aldermen" could be construed to refer to the number of authorized positions, i.e. five (5); or it may be read to include only the current number of aldermen, that is, two (2) in this instance. Yet a review of 19-905.1 may point to the proper interpretation with respect to the method of filling vacancies. A clear distinction is made in 19-905.1 between "the remaining members" of the governing body and "the whole number of the governing body." This distinction supports the conclusion that the latter phrase, "the whole number of the governing body" refers to the authorized membership of five (5) and not to the membership remaining after vacancies are considered.
While the remaining members may by a majority vote fill vacancies, these members must constitute a quorum of the "whole number of the governing body," which in this instance would appear to be five (5). The term "majority" contained in the phrase "majority of a quorum" logically has reference to the antecedent phrase, "a majority vote."
The Court's rationale in the case of Benton Taxpayers Assoc. v. Bolain, 252 Ark. 472, 479 S.W.2d 566 (1972) may be cited in support of the conclusion that the remaining two (2) council members cannot act in this instance to fill the vacancies. While the facts of that case are distinguishable from the situation posed, certain language in the decision indicates that the phrase "a majority of a quorum of the whole number of the governing body" appearing in 19-905.1 refers to a majority vote of a number sufficient to form a quorum. The Court was faced in that case with a statute stating that "a majority [of the county court] shall have jurisdiction and power to act. . . ." 252 Ark. at 473. The appellant contended that the statute required "the affirmative votes of a majority of the duly elected, qualified and acting justices of the peace of the county." 252 Ark. at 472. The appellees countered with the argument that "only a majority of a quorum is necessary." Id. The Court agreed with the appellees, citing the rule of law set forth in 45 A.L.R.2d 716 as follows:
 `Where no statute has required a contrary result, the courts have applied the common law rule that action may be taken by a majority of the members present, provided, of course, that they are sufficient in number to constitute a quorum of the body.'
252 Ark. at 473. The Court therefore concluded that a majority vote of a quorum was sufficient.
It appears, based upon the foregoing, that the two (2) remaining members of the Town Council are insufficient in number to fill these vacancies. We find no alternative provisions for filling the vacancies and must therefore conclude, in response to your second question, that the Governor does have authority to make these appointments under Article 6, Section 23 of the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.